[No. 5799.    Decided December 20, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD ALLEN, *Appellant.*[1]

CRIMINAL LAW—PLEADING—PLEA OF GUILTY INDUCED BY UNFAIR MEANS—INFORMING ACCUSED OF HIS RIGHTS.  A judgment and sentence entered upon a plea of guilty should be set aside and leave given to withdraw the plea, where it appears that the same was induced by promises that a light sentence would be given by the court, made by officers and detectives, who refused to permit the accused to communicate with his friends or an attorney, and where the accused claims to be innocent and the court did not explicitly inform him, upon arraignment, of his rights as required to do by statute.

Appeal from an order of the superior court for King county, Griffin, J., entered April 22, 1905, in favor of the plaintiff, denying the defendant's application to vacate the judgment and sentence entered upon a plea of guilty, and for leave to plead further.    Reversed.

*S. D. Wingate,* for appellant.

*Kenneth Mackintosh* and *George F. Vanderveer,* for respondent.

PER CURIAM.—The appellant was informed against for the crime of robbery, and on arraignment pleaded guilty to the charge, and was sentenced to a term of ten years in the penitentiary.    Before his sentence was carried into execution, he procured the services of counsel, and applied to the court for a vacation of the judgment and sentence pronounced

[1]Reported in 82 Pac. 1036.

against him, and for leave to withdraw his plea of guilty to the information, and to plead not guilty thereto. The application was supported by the affidavit of the applicant to the effect that he was not guilty of the crime charged against him, but was induced to plead guilty thereto by the officers having him in charge, and by the detectives who caused his arrest, who promised him that in case he did so plead guilty he would receive a light sentence from the court. He further alleged that the officers having him in charge would not permit him to communicate with his friends, nor with an attorney, but were constantly at him endeavoring to get him to enter a plea of guilty. He also alleged that a number of persons were brought into his place of confinement by the county officers for the purpose of identifying him as one of the persons connected with the robbery with which he was charged, but that none of such persons did so identify him, or in any way connect him with the commission of that crime.

The motion was based on the further fact that the record failed to show that the accused was informed of his right to counsel at the time he was arraigned; the record, however, was subsequently amended so as to show that, before he had entered his plea, he was informed by the court of his right to the assistance of counsel and that the court would assign him counsel if he so desired. There was no denial of the matters set out in the affidavit. The application was brought on for hearing before the court, and denied on April 22, 1905, whereupon this appeal was taken.

It is our judgment that the application should have been granted. It may be true that the conduct of the undersheriffs, as shown by the affidavit, was not, of itself, sufficient to warrant this court in reviewing the discretion of the trial court; but the record makes it plain that the court itself did not do its full duty to the accused, and these facts, taken together, lead us to the conclusion that a trial before a jury should be awarded him. The statute makes it the imperative duty of the court, when a defendant is brought before it for

arraignment, to inform him before he is arraigned that it is his right to have counsel, to ask him if he desires the aid of counsel, and if it appears that he does desire such aid, and if he is unable to employ such aid by reason of poverty, to assign him counsel. Had the court been thus explicit with the defendant here, he might have been put upon his guard against the wiles of the officers having access to him, and not have been led into the belief that these officers had the power to control the length of the sentence the court would inflict upon him. If the defendant is guilty, it ought not to be difficult for the state to prove it to the satisfaction of a jury. But if it be true that the state is without evidence against him, as his affidavit suggests, it is better that he go free than that he be convicted without due regard to the forms of law, and by practices that are at best very questionable.

The order appealed from is reversed, and the cause remanded, with instructions to vacate the judgment and sentence, and permit the defendant to plead further to the information.