[No. 14477.   Department Two.   April 17, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES H. SCOTT, *Appellant.*[1]

CRIMINAL LAW — APPEAL — ABATEMENT BY DEATH. A motion to abate a case, on the ground that the accused, out on bail, had disappeared under circumstances tending to show that he had committed suicide, will be overruled where the facts are so recent that it cannot be assumed, short of positive proof, that appellant is dead.

SAME—WITHDRAWAL OF PLEA—VACATION OF JUDGMENT. An application to withdraw a plea of guilty is addressed to the sound discretion of the court; but, in view of Rem. Code, §§ 2111, 2181, requiring such motion and motions in arrest to be made before judgment, it can only be entertained after judgment as an application to vacate the judgment; and if for irregularity or fraud, the judgment is entitled to every reasonable intendment in its support, and will be set aside only upon a clear showing and adjudication of a *prima facie* defense on the merits.

SAME—JUDGMENT—MOTION TO VACATE—EVIDENCE—RECITALS. The recitals in a judgment that the accused was fully advised of his rights, desired no counsel, voluntarily entered a plea of guilty, which was not improperly induced, and that he was sane and mentally responsible, import absolute verity as to the matters transpiring before the court, and cannot be contradicted by the affidavit of the clerk and, when supported by the evidence, warrant the refusal of a motion to vacate for irregularity and fraud.

Appeal from an order of the superior court for Stevens county, Jackson, J., entered September 8, 1915, denying a motion to vacate a judgment and sentence, after a hearing upon affidavits. Affirmed.

[1]Reported in 172 Pac. 234.

*Carey & Johnson* and *L. C. Jesseph,* for appellant.

*Howard W. Stull* and *H. Wade Bailey,* for respondent.

Ellis, C. J.—On August 23, 1915, defendant was by information charged with the crime of assault in the second degree. On August 28, 1915, he was arraigned and entered a plea of guilty. The clerk's minutes of arraignment and plea are as follows:

"The defendant being brought into court, was duly arraigned, and on being asked if James Scott was his true name, replied that James H. Scott was his true name. Court ordered that this change be made. On being asked by the court if he had employed counsel, replied that he had not. Court then asked if he was ready to plead to the charge. Defendant then attempted to explain to the court as to what he was willing to plead guilty to. Court advised him in the premises. Defendant then said he would have to plead guilty as that was what he had told the sheriff he wished to do. Court told defendant to be seated and prosecuting attorney then made statement to the court covering the alleged facts in the case. Court then asked the sheriff to state what he knew in connection with attempt of defendant to conceal himself. Court then advised the defendant that he could make a statement to the court. Court then asked defendant if he had anything further to say as to why judgment and sentence should not at this time be pronounced upon him, replied that he had in his statement to the court told the truth and asked the mercy of the court."

On the same day, the court entered judgment and sentence as follows:

"On this 28th day of August, 1915, comes Howard W. Stull, prosecuting attorney in and for the county of Stevens and state of Washington, and the said defendant in this action is brought to the bar of the court here, without counsel, having declined the appointment of counsel for him and having heretofore entered

his plea of 'Guilty' to the crime of assault in the second degree, and being asked if he has any legal cause to show·why judgment of the court should not be pronounced against him, says nothing, unless as he has before said; and it appearing to the court by the said defendant's plea of guilty that the said defendant is guilty of the crime of assault in the second degree, whereupon, all and singular the premises being seen and by the judge of the court here fully understood, it is ordered, adjudged and decreed by the said court, that the said defendant is guilty of the crime of assault in the second degree, and that he be punished therefor by imprisonment in the state penitentiary at Walla Walla, in Walla Walla county, in said state, at hard labor, for a period of not less than three years and not more than ten years, and the defendant is hereby remanded to the custody of the sheriff of said county to be by him detained and by him to be delivered into the ·custody of the proper officers for transportation to the said penitentiary.''

On August 30, 1915, having in the meantime employed counsel, defendant moved the court for an order vacating the judgment and sentence and permitting him to withdraw his plea of guilty and to enter a plea of not guilty. This motion was heard on affidavits and counter affidavits. Defendant made three affidavits. In the first he stated that he was ill at the time of his arrest and arraignment, was without counsel and ignorant of his rights; that his plea of guilty was not voluntary; that the sheriff threatened him and told him that if he employed counsel and made a defense he would certainly be convicted and would receive a longer sentence than if he entered a plea of guilty; that when arraigned defendant told the court he was not guilty of the crime charged but was told that he would not be permitted to detail the circumstances of the incident charged as constituting the crime until he had pleaded either guilty or not guilty. Soon after-

wards he made a second affidavit recanting the charges made in his first affidavit and stating that his plea of guilty was voluntary and without persuasion, intimidation or coercion and that he had no desire to withdraw it. A few days later he made the third affidavit reiterating the things stated in his first affidavit and asserting that he had no recollection of making the second affidavit.

The clerk of the court made an affidavit setting out his minutes as above quoted and further stating that defendant, when arraigned and asked if he desired to plead to the charge, said: "I don't understand just what I am charged with, but I am not guilty of what that man has read" (pointing to the prosecuting attorney) ; that defendant was informed by the court that he would have to plead guilty or not guilty to all of the information or none of it, whereupon he said: "I told the sheriff that I was going to plead guilty rather than drag that girl into court, for her family and I have been friends for six years or longer." That defendant also stated to the court that he was seventy-one years old, had never been arrested before, was unfamiliar with court proceedings and hardly knew what to do.

The attorney who secured the second affidavit from defendant made an affidavit that, at that time, defendant was in full possession of his mental faculties, was bright and intelligent and fully understood the affidavit and its contents. The prosecuting attorney and his deputy made affidavits to the effect that, when defendant was arraigned, the court asked him if he had counsel and he replied that he had not; that the court then advised him that he had the right to have counsel and defendant replied that he did not desire counsel; that the court then asked him if he was ready to plead to the information and defendant began to relate the cir-

cumstances of the incident charged as the crime when the court told him he must first enter his plea, whereupon he pleaded "guilty;" that he was then permitted to state fully his version of the incident and added that he was sorry for what he had done and desired to plead guilty rather than bring the girl into court. They also contradicted the affidavit of the clerk that defendant said he was not guilty of what the man had read.

Another attorney who had known defendant for six years made affidavit that he visited defendant in jail the day before he was arraigned and conversed with him for about two hours, advised him fully of his rights and urged him to employ counsel, but defendant stated that he did not intend to employ counsel and in substance expressed an intention to plead guilty. The sheriff made affidavit denying that he ever threatened defendant or in any manner attempted to induce him to plead guilty. This was corroborated by affidavits of several other persons. Two physicians who examined defendant some six days after his sentence made affidavit that they found him in a weakened physical condition but were not able to say whether he was sane or insane; that to determine that matter would require further examination and observation.

Upon considering these and other affidavits the court entered an order denying defendant's motion, the order containing the following recitals:

"And it appearing to the court that prior to said arraignment the said defendant had advised with counsel and had been informed of his rights and that at the time of said arraignment he was fully advised by the court as to his rights to counsel, asked if he had counsel and asked if he desired counsel and replied that he had no counsel and desired none. And it appearing to the court that the plea of guilty made by defendant was freely and voluntarily made, with full knowledge of

his rights and that said plea was not induced or procured by fraud, promises of leniency, force, duress, or any undue influence of any kind or nature by any officer or person; and it further appearing that at the time of entry of said plea and at this time the said defendant was and is in possession of his mental faculties and was and is endowed and possessed of sane and normal understanding and was and is competent to exercise intelligence and volition.''

Then follows the order from which defendant prosecuted this appeal.

An affidavit of one of appellant's counsel has been filed in this court stating in substance that appellant, having been released on bail, has disappeared under circumstances tending to show that he has committed suicide. Counsel asks that the cause be abated. The facts stated in his affidavit are, however, so recent that we cannot assume short of positive proof, that appellant is dead or that he will not appear and surrender himself for a new trial or for execution of sentence when the order appealed from is disposed of in this court.

Addressing ourselves to that order, a consideration of the facts which we have very fully set out makes it plain that we cannot disturb it. Though this court, in common with most others, has uniformly held that the application to withdraw a plea of guilty is addressed to the discretion of the trial court and that that discretion should be very liberally exercised, the application nevertheless must be made before judgment. The statute expressly so provides. Rem. Code, § 2111; *State v. Cimini*, 53 Wash. 268, 101 Pac. 891. The same is true of motions in arrest of judgment and for a new trial under the criminal code. These motions must be made before judgment. Rem. Code, § 2181. Obviously, therefore, whether regarded as a motion to withdraw the plea of guilty, or as a motion in arrest of judgment,

or as a motion for a new trial, or as a combination of all of these, the motion here involved came too late. The express terms of the two sections of the statute above referred to are conclusive of that question.

If the motion can be entertained at all, it must be under the general statute authorizing the modification or vacation of judgments within one year after their final entry, Rem. Code, § 464 et seq. We have intimated in at least one case that that law may be invoked to modify or vacate judgments in criminal as well as in civil actions. State ex rel. Lundin v. Superior Court, 90 Wash. 299, 155 Pac. 1041. In another case this court, without referring to any statute, directed the trial court to entertain favorably an application to vacate a judgment entered upon a plea of guilty and to permit the plea to be withdrawn. State v. Allen, 41 Wash. 63, 82 Pac. 1036. Manifestly, in view of the explicit terms of §§ 2111 and 2181 of the criminal code, that decision can rest only upon the authority of Rem. Code, § 464 et seq. This view is strengthened by the facts appearing in the opinion that the plea was improperly induced, that the defendant there was not permitted to communicate with his friends, and that he was not fully or sufficiently informed of his rights, so that we can see that the case might reasonably fall within subd. 3, of Rem. Code, § 464, "irregularity in obtaining the judgment" or subd. 4 of the same section, "fraud practiced by the successful party in obtaining the judgment."

But the same liberal exercise of discretion which is reposed in the trial court by §§ 2111 and 2181, touching the permission to substitute pleas and the motion for a new trial before judgment in criminal cases, is not vested in any court where the application is made under § 464 et seq. to vacate a judgment. In such a case, it is elementary that the judgment, unless absolutely

void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits. See *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, and authorities there cited.

Guided by these principles, let us examine the showing made on the motion here involved. The court, in his order overruling the motion, emphatically recites that appellant when arraigned was "fully advised by the court as to his rights to counsel, asked if he had counsel and asked if he desired counsel and replied that he had no counsel and desired none." The court further found, and his order so recites, that the plea of guilty made by appellant was freely and voluntarily made with full knowledge of his rights and that it "was not induced or procured by fraud, promises of leniency, force, duress or any undue influence of any kind or nature by any officer or person." The court finally found that appellant, at the time of entering the plea and when the motion was heard, was in full possession of his mental faculties, of sane and normal understanding and competent to exercise intelligence and discretion. Substantially the same recitals, save that last above noticed, appear in the judgment of conviction and sentence. As pointed out by this court in *State v. Cimini, supra,* a case in which the motion was made before judgment and therefore one in which the most liberal rule was applicable in favor of the accused, "in so far as these recitals relate to matters transpiring in the presence of the court, they import absolute verity." The recital of the court that appellant was advised by the court as to his right to counsel and refused counsel and voluntarily pleaded guilty must, therefore, be taken as true, and the affidavit of the clerk

tending to contradict those recitals cannot be considered. The other recitals, that the plea of guilty was not induced by fraud, promises of leniency, or undue influence of any kind by any officer or person, though based on extrinsic evidence, are amply supported by the affidavits of the sheriff and several other wholly disinterested persons. We cannot say that the court's findings in that regard are not supported by a fair preponderance of the evidence. As to the finding that appellant was, at the time of his plea and sentence and at the time of the hearing, perfectly sane and capable of intelligent volition, there is no substantial evidence to the contrary. The affidavits to that point tend to establish nothing more than that he was temporarily ill and physically weak. Neither of the physicians could or would say that he was not sane.

A most careful examination of the record and of all of the affidavits offered on the hearing of the motion convinces us that neither the law nor the facts warrant a reversal of the court's order. It is, therefore, affirmed.

MOUNT, PARKER, HOLCOMB, and CHADWICK, JJ., concur.