[No. 18055.   Department One.   December 31, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. NELS
LINDSKOG, *Appellant*.[1]

CRIMINAL LAW (68)—WITHDRAWAL OF PLEA—VACATION OF JUDG-
MENT. Where the trial court passed upon the credibility of affiants
making conflicting affidavits, the supreme court will not interfere
with its discretion in refusing to set aside a conviction and allow
withdrawal of a plea of guilty, in the absence of a very clear show-
ing of fraud.

Appeal from an order of the superior court for
Spokane county, Lindsley, J., entered September 6,
1922, denying a motion to vacate a judgment and
sentence, after a hearing upon affidavits. Affirmed.

*M. E. Mack,* for appellant.

*Chas. H. Leavy* and *Louis F. Bungè,* for respondent.

HOLCOMB, J.—On August 31, 1922, appellant was ar-
rested. On September 1, 1922, an information was
filed against him charging him with unlawfully and
feloniously conducting and maintaining a place for the
unlawful sale of intoxicating liquor in the city of
Spokane, Spokane county. On the same day he was
arraigned in the superior court before Lindsley, J.,
the information was read to him; he was asked by the
court whether he understood the nature of the charge
in the information; whether he was ready to plead
thereto; whether he wished a lawyer, and was informed
by the trial judge that he had twenty-four hours within
which to enter his plea if he so desired. Thereupon
appellant stated that he was ready to plead, and that
his plea was guilty. The court immediately passed
sentence upon him of an indeterminate term in the
state penitentiary of from one to five years.

[1]Reported in 221 Pac. 582.

On September 5, 1922, appellant made a motion in arrest of judgment and sentence, asked to be permitted to withdraw his plea of guilty and enter a plea of not guilty, alleging that his plea of guilty was obtained by misrepresentation and fraud practiced on the part of the deputy prosecuting attorney, and that he was prevented from defending by accident and surprise. The motion was supported by his affidavit representing that certain statements and representations were made to him by the deputy prosecuting attorney upon his arrest, and the next morning before he was taken into court, that he would suffer detention in the county jail from that time until the middle of October if he defended the case and awaited trial, while if he pleaded guilty the court would sentence him to from sixty to ninety days in the county jail, and his sentence would be almost served by the time his case would otherwise come on for trial if he defended. Other inducing statements by the deputy prosecuting attorney were also alleged. He also averred that he was a foreigner, having come to this country in 1901; that his business was that of a bar tender in a soft drink establishment; that he did not understand the English language well; did not understand the proceedings that took place in court, and that he was not guilty of the offense charged.

Appellant, relying upon our cases holding that the procedure taken here is proper (*State v. Scott*, 101 Wash. 199, 172 Pac. 234, and former cases), insists that the trial judge abused his discretion in denying the motion.

Every allegation made in the affidavit of appellant in support of his motion was denied by the deputy prosecuting attorney specifically, and by the deputy sheriff who had appellant in custody. The matters which occurred in the presence of the trial judge were

set forth in the counter-affidavits of the deputy prosecuting attorney and the deputy sheriff and showed that the trial judge interrogated appellant as hereinbefore set forth, and the counter-affidavits alleged that appellant spoke English well, and not brokenly, and seemed to understand all that was said to him in English. The same trial judge who received the plea of guilty and entered judgment thereon against appellant passed on appellant's motion and weighed the truthfulness of the affidavit and counter-affidavits and the credibility of the various affiants.

Hence, the trial judge, having exercised his discretion and passed upon the credibility of the affiants, and the truthfulness of the various affidavits, we cannot interfere therewith except upon a very clear showing of fraud practiced upon appellant, or other irregularity such as to prevent him from obtaining justice. No such showing is made to appear preponderantly here. *State v. Scott, supra; State v. Anderson,* 109 Wash. 161, 186 Pac. 266.

The judgment must be affirmed, and it is so ordered.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.