[No. 19363.   Department One.   October 26, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. FLOYD ROBERTS, *Appellant.*[1]

CRIMINAL LAW (68)—ARRAIGNMENT AND PLEAS—WITHDRAWAL OF PLEA—DISCRETION OF COURT. It is error to deny a motion to vacate a judgment and sentence, claimed to have been irregularly entered upon a plea of guilty, on the ground that the court was without any discretion in the matter, under Rem. Comp. Stat., § 464; since its duty is to exercise discretion under such section, and also under Id., §§ 2111 and 2181, requiring an even more liberal exercise thereof in criminal cases, on motion in arrest and to vacate, than in proceedings under § 464.

Appeal from an order of the superior court for Pierce county, Teats, J., entered January 27, 1925, denying a motion to vacate a judgment of conviction, entered upon a plea of guilty. Reversed.

*Hayden, Langhorne & Metzger,* for appellant.

*J. W. Selden, T. F. Ray,* and *J. A. Sorley,* for respondent.

[1]Reported in 240 Pac. 3.

Holcomb, J.—On the evening of December 14, 1924, at about 10:30 o'clock, appellant was arrested by officers of Tacoma, Pierce county. On December 15, 1924, an information was filed against appellant charging him with the crime of statutory rape, alleged to have been committed upon an unmarried female under the age of consent, on December 14, 1924.

On December 23, 1924, appellant was taken before one of the judges of the superior court of Pierce county where he pleaded guilty; the judgment reciting that, upon being brought to the bar of the court and informed of the nature of the information filed against him, and his having theretofore on arraignment entered a plea of guilty of the charge in the information, he was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him, to which he said nothing; and no sufficient cause being shown or occurring to the court, the judgment of the court was then pronounced that the defendant was guilty of the crime charged, and that he be punished by confinement at hard labor in the state penitentiary for the indeterminate term of not less than fifteen years nor more than twenty years. He was then committed.

It appears from the record that appellant was arraigned upon the information on the same day the information was filed, after having had an interview with the deputy prosecuting attorney having the matter in charge, in which certain representations were made to him (and which the deputy prosecuting attorney thereafter fulfilled) that, if he pleaded guilty, the deputy prosecuting attorney would recommend the minimum of five years in the state penitentiary. There are affidavits pro and con as to whether the judge then presiding asked appellant if he had counsel, to which

appellant replied in the negative, and the court informed him of his right to counsel, upon which he stated that he desired none. Upon hearing the plea of guilty and the recommendation of the deputy prosecuting attorney, the court deferred sentence until later, and it took place as stated.

On January 6, 1925, appellant having procured counsel, moved for an order vacating and setting aside the judgment entered on December 13, 1924; and in support thereof, upon the grounds that the judgment was irregularly and fraudulently obtained, that he was innocent, and that the trial judge neglected to inform him of his right to counsel, filed a number of affidavits which are incorporated in the bill of exceptions brought before us.

Upon the hearing of this motion to vacate and set aside the judgment upon the affidavits presented, the trial judge first orally announced that the motion would be granted, and appellant permitted to withdraw his plea and enter a plea of not guilty to the information.

The order of the trial judge very frankly and without evasion recites that the court came to the conclusion that it erred in deciding that the motion to set aside and vacate the judgment would be granted, and defendant permitted to withdraw his plea of guilty and enter a plea of not guilty, because, under the decision in *State v. Scott,* 101 Wash. 199, 172 Pac. 234, the trial court was without any discretion in the matter; and that, therefore, the motion to vacate should be denied, which was thereupon done, an order to that effect being entered.

It is apparently the thought of the trial judge that the motion came too late, under the decision in *State v. Scott, supra,* but we think he was in error. He was

possibly misled by some of the language in that decision where it is said:

"But the same liberal exercise of discretion which is reposed in the trial court by §§ 2111 and 2181 [Rem. Comp. Stat.], touching the permission to substitute pleas and the motion for a new trial before judgment in criminal cases, is not vested in any court where the application is made under § 464 *et seq.* to vacate a judgment. In such a case, it is elementary that the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except under a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits. See *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, and authorities there cited."

We have apparently always assumed that Rem. Comp. Stat., § 464, *supra,* applies to criminal as well as civil cases. While the liberality of discretion should be very much greater under §§ 2111 and 2181, *supra,* nevertheless the trial court undoubtedly has discretion under § 464, *supra,* as was held in the *Scott* case, *supra,* and in *State v. Anderson,* 109 Wash. 161, 186 Pac. 266, and assumed in *State v. Lindskog,* 127 Wash. 647, 221 Pac. 582. See, also, *State v. Allen,* 41 Wash. 63, 82 Pac. 1036.

There is some showing of a *prima facie* defense to the merits in behalf of appellant, he asserting that he can prove his innocence and that he was not, and could not have been, at any place where the alleged rape could have been committed at the time it was believed to have been committed by someone, and that he is not guilty of the offense. While the trial judge, in whose discretion the matter was reposed, at first held that the motion should be granted, and the plea of guilty withdrawn and a plea of not guilty substituted, we are not here deciding that the trial judge is bound either

by his first statement or by the decision in *State v. Allen, supra,* directing the trial court to entertain favorably an application to vacate a judgment entered upon a plea of guilty, the irregularities there shown and uncontradicted being very positive.

All that we are here holding is that the trial judge has discretion in such matter; our decision in *State v. Scott, supra,* being interpreted in *State v. Anderson, supra,* to mean that an application to withdraw a plea of guilty is addressed to the sound discretion of the court; and in view of Rem. Comp. Stat., §§ 2111 and 2181, regarding such motion, and motions in arrest of judgment made before judgment, when made after judgment they will be considered only as motions to vacate the judgment under § 464, *supra;* and if for irregularity or fraud, the judgment is entitled to every reasonable intendment in its support, and is to be set aside only upon a clear showing of a *prima facie* defense on the merits.

The judgment is therefore reversed, and remanded with instructions to the trial court to entertain the motion or application and proceed in accordance with the views here expressed.

Tolman, C. J., Fullerton, and Mitchell, JJ., concur.