[No. 22924. Department One. March 9, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. C. A. BENJAMIN, *Appellant.*[1]

*A. W. Newman* and *P. L. Pendleton,* for appellant.
*Bertil E. Johnson* and *H. B. Gardner,* for respondent.

MAIN, J.—The defendant was, by information, charged with the crime of grand larceny, to which he pleaded guilty. At the time of the plea, the court orally announced the sentence, and subsequently, August 7, 1930, a formal judgment was signed and entered. On or about September 5, 1930, the defendant petitioned the court to vacate the judgment and sentence, claiming that, at the time he entered the plea of guilty, he was not informed as to his rights, and

[1]Reported in 296 Pac. 548.

that he did not understand the nature of the charge against him. The petition is supported and resisted by affidavits, which appear in the bill of exceptions. There is also in the bill of exceptions a copy of the stenographic report made at the time the defendant entered his plea of guilty. The trial court, after a hearing on the petition, entered an order denying the petition to vacate, from which order the defendant appeals.

Whether the judgment should have been set aside, was a matter which rested in the discretion of the trial court, and that discretion upon appeal will not be disturbed, in the absence of a showing of abuse thereof. *State v. Lindskog,* 127 Wash. 647, 221 Pac. 582; *State v. Baforo,* 146 Wash. 312, 262 Pac. 964. In this case, the court, in denying the application to vacate, did not abuse its discretion.

After considering the affidavits in support of and in resistance of the application, and the copy of the stenographic report made at the time the plea of guilty was entered, it is clear that the appellant, at that time, was informed of his rights, understood the nature of the charge against him, and that, in response to an inquiry from the court as to whether or not he desired counsel, he stated that he did not. In the proceeding there was no fraud, irregularity, or inevitable casualty or misfortune which prevented the appellant from making a defense, and there was, therefore, nothing which called upon the trial court, in the exercise of its discretion, to vacate the judgment and sentence. The facts in the case of *State v. Allen,* 41 Wash. 63, 82 Pac. 1036, are different from those in the case now before us, and that case has no application here.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.