[No. 27238.   Department Two.   December 13, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. J. K. McDOWALL, *Appellant*.[1]

[1]Reported in 85 P. (2d) 660.

*Clay Nixon,* for appellant.

*B. Gray Warner* and *Chas. C. Ralls,* for respondent.

BEALS, J.—August 6, 1937, J. K. McDowall, defendant herein, was charged with the crime of grand larceny, the information containing fourteen counts. By count one, defendant was charged upon the alleged taking of two thousand dollars from one Ilma Kaler, by means of false and fraudulent pretenses and representations.

Shortly after his arrest, the defendant was released on bail. August 24th, he was arraigned, and on the 31st of the same month, pleaded not guilty to each count. October 16th following, the case was set for trial November 3rd. It was, for some reason, stricken from the trial calendar, and reset for February 14, 1938. February 5th, defendant's motion for a continuance was denied; and February 9th, on defendant's motion, the presiding judge assigned the cause to department five for plea. On the same day, defendant appeared before Honorable Hugh C. Todd, who was then presiding over department five of the superior court for King county, defendant's counsel being present; whereupon, in open court, defendant withdrew his plea of not

guilty, and pleaded guilty to count one of the information. His motion to defer sentence to April 1st, and a motion to defer pleas on the remaining counts to April 1st, were granted.

Apparently, nothing was done April 1st, but April 7th, defendant, by motion, asked leave to withdraw his plea of guilty to count one, and for leave to plead not guilty to that count. April 8th, Judge Todd granted this motion, the court's minute entry reading:

"Defendant's motion to withdraw plea of guilty to Count I—Granted, and trial set for May 12 on all counts, subject to approval of date by Presiding Judge."

April 23rd, in the department of the presiding judge, the case was set for trial for May 31st. May 28th, the defendant, appearing before Honorable Robert M. Jones, who was then acting as presiding judge, in open court withdrew his plea of not guilty and entered a plea of guilty to count one. July 1st following was then fixed as the date of sentence, it appearing that defendant requested that the time of sentence be postponed in order that defendant's counsel, who was then absent from the city, might address the court on defendant's behalf.

The matter was again continued to July 6th, at which time defendant and his counsel, together with counsel for the state, appeared before Judge Jones, defendant filing a motion for leave to withdraw his plea of guilty to count one and to substitute for that plea one of not guilty. Defendant filed his affidavit in support of his motion. The court, at the close of the hearing, denied defendant's motion for leave to withdraw his plea of guilty, and July 7th, a written order was entered, formally embodying this ruling. July 6th, the defendant gave oral notice of appeal from the ruling in open court, and the same day served a written notice

of appeal from the order. Another written notice of appeal was served and filed July 11th.

July 15th following, defendant and his counsel again appeared before Judge Jones, and the court signed a judgment of guilty and sentenced defendant to confinement in the state penitentiary for not more than fifteen years. The state moved to dismiss counts two to fourteen, which motion was granted. Defendant in open court gave notice of appeal from the denial by the court of defendant's application to withdraw his plea of guilty. July 19th following, defendant gave written notice of appeal from the judgment and sentence, and from the written order dated July 7th, above referred to, denying defendant's motion to withdraw his plea of guilty and substitute therefor a plea of not guilty.

The order of the court denying defendant's motion to withdraw his plea of guilty was not an appealable order, but the case is before us upon defendant's appeal from the judgment and sentence, which brings for review, with other matters, the order of July 7th.

Appellant assigns error upon the refusal of the trial court to certify the statement of facts in the form proposed by appellant, and complains of the certification of a supplemental statement of facts. Error is also assigned upon the denial of appellant's motion for leave to withdraw his plea of guilty to count one and substitute therefor a plea of not guilty; upon the entry of judgment of guilty and sentence July 15, 1938; and upon the refusal of the trial court to grant appellant a trial by a jury, as demanded by appellant in connection with his motion for leave to withdraw his plea of guilty.

Appellant moves to strike a portion of the statement of facts as certified by the trial judge. It

appears that appellant filed and certified his proposed statement of facts, and that no amendments thereto were filed or suggested by counsel for the state. The trial court, however, on its own motion, prepared a supplement to the statement of facts, showing matters which had occurred before the court in the course of the proceedings in the case, above set forth. Appellant moves to strike this portion of the statement of facts, contending that the matters shown are not evidence, within the meaning of the statute (Rem. Rev. Stat., § 388) requiring material evidence to be certified by the trial court, but were simply argument and colloquy between court and counsel.

Colloquy between court and counsel may constitute important portions of the record in a case. In certifying a statement of facts, it is the privilege and, indeed, the duty of the trial court to make the record as certified speak the truth and all the truth. If statements are included in a statement of facts which are not properly part thereof, they will, of course, be disregarded. The motion to strike the supplemental statement of facts is denied.

■ In support of his motion for leave to withdraw his plea of guilty to count one and to enter a plea of not guilty to that count, appellant filed his affidavit to the effect that the two thousand dollars which he had received from Ilma Kaler was paid to him for the purpose of purchasing certain securities; that affiant delivered the money to a person who was to procure the securities, Ilma Kaler knowing that the money was to be by appellant turned over to a third party; that this third party failed to procure the securities and kept the two thousand dollars; that affiant had repaid to Ilma Kaler the entire two thousand dollars which he had received from her, and had satisfied all the other persons whose money he had received, as set forth in

the other counts of the information; that two men, in addition to the party who received the money from affiant, knew of the payment by affiant to that party; that affiant, after much time and trouble, located these two men, and then asked to withdraw his plea of guilty, which request was granted, as above set forth; that these men could have appeared as witnesses on affiant's behalf May 12, 1938, but that they could not appear May 31st, for which day the cause was set for trial; that, because he could not procure the attendance of these witnesses May 31st, affiant again pleaded guilty to count one; that, after the entry of this plea, affiant discovered the wherebouts of the party to whom he had delivered the two thousand dollars and that this person was willing to come to Seattle and testify on appellant's behalf; and that appellant had a good and meritorious defense to count one of the information and to all the other counts.

The record does not support appellant's statement that his trial was ever formally set for May 12th. As above set forth, the record shows that Judge Todd, who was not presiding judge, on April 8th granted appellant's motion to withdraw his plea of guilty to count one, and set the trial for May 12th on all counts, "Subject to approval of date by presiding judge." The only other record shown in the transcript is the action of the presiding judge under date April 23rd, setting the trial for May 31st. It does not appear that the presiding judge was ever requested to confirm the tentative setting of the case by Judge Todd, or was even informed of the tentative setting of the case for trial. In his affidavit, affiant states that he knew of the setting of his case for May 31st the day after it was set for that date. It does not appear that appellant asked the court that the date of his trial be advanced to May 12th, or that he asked for any relief in the premises.

Appellant is an attorney at law of many years practice, and fully understands his rights. At all times, he has had the advice and assistance of counsel.

■ Appellant earnestly contends that the trial court abused its discretion in denying his motion of July 6th for leave to withdraw his plea of guilty to count one and enter a plea of not guilty. Rem. Rev. Stat., § 2111 [P. C. § 9164], reads as follows:

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

This section is permissive, and confers upon the superior court authority to permit the withdrawal of a plea of guilty. This section, then, vests the court with authority, in the exercise of its sound discretion, to permit a change of plea. The matter of the withdrawal of a plea once entered rests peculiarly within the discretion of the court. A ruling made in the exercise of such discretion will not be reversed, save for manifest abuse.

In the case at bar, it appears that appellant's trial was greatly delayed. After his arrest, he promptly pleaded not guilty, the case was set for trial, then stricken from the docket (upon whose motion is immaterial), and reset after several weeks. Just before the date fixed for the trial, appellant withdrew his plea of not guilty and pleaded guilty to count one. Two months thereafter, appellant, on his request, was permitted to withdraw his plea of guilty and plead not guilty. His case was again set for trial, and just before the date fixed for the hearing, appellant changed his plea to guilty. At appellant's request, sentence was deferred for over a month. It cannot be contended that appellant was not treated with great consideration.

In support of appellant's contention that the trial court abused its discretion in refusing to permit him

to withdraw his plea of guilty, appellant cites many authorities from this and other states.

In the case of *State v. Cimini,* 53 Wash. 268, 101 Pac. 891, this court, in a case presenting practically the same question we are now considering, after quoting from 12 Cyc. 350 the following:

" 'It is wholly in the discretion of the court whether a plea of any sort may be withdrawn. Permission may always be granted, but unless an abuse of discretion is shown, the refusal of permission to withdraw a plea is not error,' "

said: "At the same time this discretion should be liberally exercised in favor of life and liberty." The court held that the record did not show any abuse of discretion, and affirmed the ruling of the trial court refusing permission to change the plea.

In the case of *State v. Allen,* 41 Wash. 63, 82 Pac. 1036, it appeared that the defendant was informed against for the crime of robbery and upon arraignment pleaded guilty. After judgment and sentence, he retained counsel and applied to the court for a vacation thereof and for leave to withdraw his plea of guilty and enter a plea of not guilty. In support of his application, defendant filed his affidavit, stating that he was not guilty of the crime with which he was charged, but was induced to plead guilty thereof by officers of the law who had him in custody, the officers promising him that if he did plead guilty, he would receive a light sentence. The allegations in defendant's affidavit were not denied, and on appeal from an order denying the application of the defendant, this court reversed the order appealed from, and remanded the cause with instructions to vacate the judgment and sentence and permit the defendant to plead further to the information.

In the case cited, the matters alleged in the defendant's affidavit were within the knowledge of persons whose counter-affidavits could easily have been procured, if the statements in defendant's affidavit were not true. The facts were entirely different from those in the case at bar. Appellant argues that, because the statements in his affidavit were not controverted, it must be taken as verity, but it must be remembered that the main theme of appellant's affidavit was that he had, after much effort, discovered the whereabouts of the person to whom he delivered the two thousand dollars belonging to Ilma Kaler, and that this person would testify to the fact of such delivery. In his affidavit, appellant carefully refrained from naming this person, and certainly the state could not be expected to produce someone who would deny, under oath, that an unnamed person would testify to a certain state of facts. Indeed, such a statement carries little weight.

In his affidavit, appellant named the two men who he said would have been present at this trial had it taken place May 12th, but he said that these men, Messrs. William Brennan and John Gordon, of Los Angeles, left for southern Mexico in May, and in appellant's affidavit, above referred to, he merely states that they will not be available as witnesses until September 19th. In any event, the state could not be expected to controvert appellant's affidavit to the effect that two men, either in southern Mexico or California, would give certain testimony.

It is difficult to imagine how affidavits denying the material statements in appellant's affidavit could have been procured. Statements that appellant had made restitution were not material upon the question of his guilt or innocence, but should only be considered in mitigation.

Appellant cites authorities to the effect that the law favors trials on the merits, and that permission to withdraw a plea of guilty should not be denied in any case where it is evident that the ends of justice will be subserved by permitting the entry of a plea of not guilty in its stead. *Pope v. State,* 56 Fla. 81, 47 So. 487; *People v. Schraeberg,* 340 Ill. 620, 173 N. E. 148. With this doctrine we are in entire accord, but we are of the opinion that the case at bar falls without any such rule.

In the case of *State v. Benjamin,* 161 Wash. 207, 296 Pac. 548, this court affirmed an order denying an application for leave to withdraw a plea of guilty, the application having been made after judgment and sentence. This court again laid down the rule that

"Whether the judgment should have been set aside, was a matter which rested in the discretion of the trial court, and that discretion upon appeal will not be disturbed, in the absence of a showing of abuse thereof."

In the case of *State v. Stevenson,* 161 Wash. 357, 296 Pac. 1052, the same question was presented. This court being of the opinion that the defendant had thoroughly understood and appreciated the effect of his plea of guilty, the order refusing to vacate the judgment and sentence and permit a change of plea was affirmed.

The cases of *State v. Lindskog,* 127 Wash. 647, 221 Pac. 582, and *State v. Baforo,* 146 Wash. 312, 262 Pac. 964, are to the same effect.

In the case of *State v. McKeen,* 186 Wash. 127, 56 P. (2d) 1026, an order refusing to vacate a judgment and sentence entered on a plea of guilty and permit a change of plea was affirmed. This court again laid down the rule that the discretion of the trial court, exercised upon such a motion, would not be disturbed on appeal, in the absence of a showing of abuse thereof.

In the case of *State v. Danhof,* 176 Wash. 573, 30 P. (2d) 387, defendant entered a plea of guilty of the crime of manslaughter. Sentence was deferred, and at the time appointed, defendant moved for a change of venue, and also for leave to withdraw his plea of guilty. Both motions were denied, and judgment and sentence were entered on the plea of guilty. On appeal, it was held that the motion for change of venue was not timely made, and that it appeared that the defendant had been fully advised of his rights before the entry of his plea of guilty. It was held that the court had not abused its discretion, and the judgment of guilty was affirmed. It would seem that the facts in the case last cited were much stronger in favor of the defendant than those in the case at bar.

In all of the decisions of this court above referred to, save the last, the appeal was from an order denying a motion to vacate a judgment and sentence, and as noted in the case of *State v. Baforo, supra,* Rem. Rev. Stat., § 2111, applies to motions for leave to change a plea which are made before the entry of judgment. The sound judicial discretion to be exercised upon such a motion, however, is the same in each case, and should always be exercised with care to protect the rights of a defendant in a criminal proceeding.

Appellant contends that the trial court had no jurisdiction to proceed to enter judgment of guilty against him on July 15th, because appellant had given notice of appeal to this court from the ruling of the court made July 6th and embodied in a formal order the following day. It is, of course, the law that an appeal to this court from a final judgment or an appealable order deprives the superior court of jurisdiction to proceed further in the cause during the pendency of such an appeal. This rule, however, necessarily applies only to appealable judgments or orders.

An attempted appeal from an order which is not in fact appealable cannot operate to tie the hands of the superior court, as, if the rule were otherwise, a party could indefinitely delay a proceeding by attempting to appeal from every adverse ruling made prior to the entry of final judgment. The general rule is stated in 4 C. J. S. 1091, to the effect that a judgment which is not appealable remains in full force, notwithstanding an attempted appeal; and that, in spite of an attempted appeal, the lower court retains jurisdiction of the case and may take such action as may be within its powers. Many authorities are cited in support of this proposition, and few to the contrary.

In the recent case of *Maxwell v. Superior Court,* 1 Cal. (2d) 294, 34 P. (2d) 475, the supreme court of California, sitting *En Banc,* held that a trial court had jurisdiction to proceed with the trial of an action, notwithstanding an attempted appeal from an order which, under the law, was not appealable.

The cases cited by appellant in support of this contention all refer to appeals from final judgments. Of course, a question may arise as to whether or not a certain order is, under the law, subject to review by this court on appeal, and as that question can only be finally determined by this court, the superior court can proceed only subject to the final determination of the question here. An appellant may, in support of his appeal, apply to this court for an order restraining the superior court from proceeding, pending the appeal, and will receive relief in proper cases.

The order of the trial court denying appellant's motion for an order permitting him to withdraw his plea of guilty to count one is not an appealable order. It is a mere interlocutory order. As we said in the recent case of *State v. Siglea,* 196 Wash. 283, 82 P. (2d) 583:

"As a prerequisite to an appeal in a criminal case, there must be a final judgment terminating the prosecution of the accused and disposing of all matters submitted to the court for its consideration and determination."

In the case of *State v. Liliopoulos,* 165 Wash. 197, 5 P. (2d) 319, the rule "that a final judgment is a prerequisite to an appeal" was referred to.

The ruling of the trial court denying appellant's motion is reviewable on appeal from final judgment and sentence, and not otherwise. Appellant's attempted appeal from a nonappealable order did not deprive the trial court of jurisdiction to proceed to enter final judgment and pronounce sentence.

Finally, appellant contends that, under the tenth amendment to § 22, of Art. I, of the constitution of this state, he had a right to a trial by jury, which could not be waived, and that he asserted this constitutional right by moving to withdraw his plea of guilty prior to the entry of judgment and sentence. The entry of a plea by one accused of crime is a formal step in the proceeding, and as has been repeatedly held, the matter of permitting a change of plea rests within the sound discretion of the trial court. It cannot be held that one so accused, who in open court pleads guilty to the crime charged in the information, or some included offense, is deprived of his constitutional right to a trial by jury by a later ruling of the court refusing him leave to withdraw his plea of guilty and enter a plea of not guilty. The constitutional provision does not apply to any such situation.

Upon the record, it cannot be held that the trial court abused its discretion in denying appellant's motion for leave to withdraw his plea, nor does the record disclose any other reason for reversing the judgment and sentence.

The trial court did not err in entering the judgment and sentence appealed from, and the same is accordingly affirmed.

STEINERT, C. J., ROBINSON, GERAGHTY, and SIMPSON, JJ., concur.