[No. 29223. Department One. February 17, 1944.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN HENSLEY, *Appellant.*[1]

*Wm. A. Johnson,* for appellant.

*Leslie R. Cooper, C. P. Brownlee,* and *Thomas G. McCrea,* for respondent.

STEINERT, J.—This is an appeal by John Hensley from a recent judgment pronouncing him guilty of the crime of burglary in the second degree, adjudging his status to be that of an habitual criminal, and sentencing him to imprisonment for life in the state penitentiary.

[1] Reported in 145 P. (2d) 1014.

The facts shown by the record are as follows: On January 3, 1939, an information was filed, in criminal cause number 124 of the superior court for Snohomish county, charging appellant with the commission of the crime of burglary in the second degree. On the following day, appellant was arraigned and, on being asked by the court whether he had an attorney, replied that he had not and did not desire one. In response to a further question by the court, he stated that he was ready to plead to the charge set forth in the information, and thereupon entered a plea of guilty. At the request of the prosecuting attorney, the court then judicially found the appellant guilty as pleaded and deferred sentence until the next day.

On January 4, 1939, the prosecuting attorney filed an information, in criminal cause number 125 of the superior court for Snohomish county, charging appellant with being an habitual criminal by reason of his having been convicted of four felonies, including the one set forth in cause number 124, committed during the period between February 15, 1919, and January 3, 1939. Upon the filing of that information, appellant was immediately brought into court for arraignment, and, at his request and because of his lack of funds, the court appointed an attorney to represent him and then continued the proceeding until the next day in order that the attorney might interview his client. At the same time, the court also continued until the next day the matter of sentence to be imposed in cause number 124.

On January 5, 1939, appellant through his attorney entered a plea of not guilty upon the habitual criminal charge set forth in the information filed in cause number 125. At the same time, the attorney presented a motion, in cause number 124, asking that appellant be permitted to change his plea of guilty to one of not guilty, upon the substantive charge of burglary in the second degree. The motion alleged as grounds therefor (1) that at the time of pleading guilty to that charge appellant was without counsel and had no knowledge that by such plea he was subjecting

himself to the rigors of the habitual criminal statute; and (2) that he had been told that, if he pleaded guilty to the accusation of burglary, no further charge would be pressed against him. The record does not disclose any affidavit in support of the motion. After argument upon the request for permission to change the plea, the motion was withdrawn.

On March 1, 1939, cause number 125, involving the habitual criminal charge, came on regularly for trial. On that day, the prosecuting attorney filed an amended information in that cause, again charging appellant with being an habitual criminal by reason of his having theretofore been convicted of four felonies, including the one set forth in cause number 124. Appellant was again arraigned and pleaded not guilty to the habitual criminal charge. On that same day, upon stipulation of the parties, the court entered an order adjudging that cause number 125 be, for all purposes, held supplementary and ancillary to cause number 124.

A jury was then selected and sworn, and the state submitted its evidence consisting of the testimony of a number of witnesses and a series of exhibits. At the close of the state's evidence, the appellant moved for a dismissal of the habitual criminal action, and, upon the denial of his motion, rested his case. The jury, after due consideration, returned a verdict of guilty upon the habitual criminal charge and, by answers to special interrogatories, found that the appellant had been convicted of each of the four offenses alleged in the amended information in cause number 125.

Appellant's motion for new trial having been denied, the court on March 17, 1939, entered judgment *in cause number 125*, adjudging appellant guilty of the "crime" of being an habitual criminal and sentencing him to life imprisonment in the state penitentiary. Appellant was thereupon committed to that institution and has been held in custody there ever since, although, as will appear a little

later in this opinion, the judgment, sentence, and commitment in that proceeding were void.

On August 27, 1943, which was four and a half years after appellant's commitment upon the judgment and sentence in cause number 125, the prosecuting attorney for Snohomish county filed a petition in cause number 124, seeking to have the appellant brought before the superior court and sentenced, *in cause number 124,* upon his former plea of guilty to the charge of burglary in the second degree and the jury's subsequent finding of his habitual criminal status. The basis of the petition filed by the prosecuting attorney was the fact that, since the entry of the judgment and imposition of sentence upon appellant in 1939, the supreme court of this state had rendered a series of decisions, hereinafter cited, the effect of which established the invalidity of the judgment and sentence in cause number 125, and one of the purposes of which was to prescribe the proper procedure in such cases.

Pursuant to that petition, the superior court for Snohomish county entered an order directing that appellant be brought before it for imposition of a proper sentence upon him on his plea of guilty of the crime of burglary in the second degree, taking into consideration the subsequent adjudication of his status as being that of an habitual criminal. The appellant appeared on October 9, 1943, and, by his present attorney, who had not represented him in the earlier proceeding, again moved the court for permission to withdraw his plea of guilty to the burglary charge and substitute therefor a plea of not guilty. The motion was supported by appellant's affidavit setting forth, in substance, (1) that in the former proceedings he was entirely ignorant of his rights; (2) that he had been informed that, if he pleaded guilty to the burglary charge, he would receive extreme leniency and avoid the extreme penalty; (3) that the proper procedure with reference to habitual criminal causes was undetermined at the time that the particular proceeding was instituted against him; (4) that he had not been advised as to the true state of the law

in that respect or as to the inevitable result of his entering a plea of guilty to the burglary charge; (5) that he had never had a trial in connection with the present proceeding except as to the charge of being an habitual criminal; and (6) that he "believed" that he had a good defense to the present action. The affidavit did not state any facts constituting a defense, nor did it indicate the nature of his defense.

While the allegations of appellant's affidavit were not specifically or categorically denied, the state did file the affidavit of appellant's former counsel, reciting the events already stated herein with respect to the proceedings in 1939, and reciting, further, that in the affiant's opinion appellant's former motion for permission to withdraw his plea of guilty was "denied" by the judge then presiding because the court believed that the appellant "knew what he was doing at the time" of entering his plea. The affidavit of the attorney further stated that his original notes revealed, and that his memory supported his belief, that at the time of appellant's arrest he was advised by a city police officer superintending the case to plead guilty to the charge and that no other charge would be filed against him. The affidavit concluded with a statement of the attorney's present belief that the appellant was at all times fully advised of his rights and understood what his privileges were.

Upon the showing thus made, the matter was fully argued to the court, and at the conclusion of the argument the court commented upon the history of the proceedings and expressed the view that appellant had not labored under any misrepresentation, as he claimed, and that to set aside the finding made by the former judge would not presently be the exercise of a sound discretion. The motion to withdraw the original plea of guilty was therefore denied. The court then entered formal judgment, *in cause number 124,* convicting appellant of the crime of burglary in the second degree and, by reason of the fact that appellant had been adjudged to have been three times previously convicted

of a felony, sentenced him to life imprisonment in the state penitentiary. From that judgment this appeal was taken.

■ It is conceded by all parties, and there can be no doubt of the fact, that the judgment in cause number 125, involving simply and exclusively the habitual criminal charge, was utterly void. The law is now definitely established in this state that "being an habitual criminal" does not of itself constitute a crime, but is merely a status, and that any judgment of conviction for the *alleged* crime of being an habitual criminal and any sentence based on such judgment are absolutely void. *In re Towne,* 14 Wn. (2d) 633, 129 P. (2d) 230, and cases therein cited.

■ It has also been definitely decided in this state that, where a defendant has been convicted of a crime but no sentence has been imposed upon him for that offense, and where the defendant is thereafter charged with being an habitual criminal and on conviction upon that charge is sentenced to life imprisonment, and that sentence is subsequently declared to be illegal and void, the sentencing court may thereupon impose upon the defendant a sentence of life imprisonment based on the original conviction of a substantive crime, supplemented by a subsequent adjudication of the defendant's status as being that of an habitual criminal. *State v. King,* 18 Wn. (2d) 747, 140 P. (2d) 283, and cases therein cited; accord, *In re Horner,* 19 Wn. (2d) 51, 141 P. (2d) 151.

The facts of this case as recited above bring it squarely within these rules. The trial court was therefore authorized to enter the judgment and sentence from which the present appeal is taken.

The specific error assigned by the appellant upon this appeal is based on the refusal of the trial court to permit the appellant, at the hearing on October 9, 1943, to withdraw his plea of guilty of the crime of burglary in the second degree, as entered on January 4, 1939. In our discussion, we proceed upon the theory that the judgment entered in October, 1943, is the only legal and valid judgment in this case, and that appellant's original motion and

also his renewed motion for leave to change his plea were made before entry of any authentic judgment herein.

Rem. Rev. Stat., § 2111 [P. C. § 9164], provides:

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

We have uniformly held that, under that section, the application to withdraw the plea of guilty is addressed to the sound discretion of the trial court, to be exercised liberally in favor of life and liberty, but that when such discretion has been exercised the action of the court will not be disturbed, on appeal, except upon a showing of abuse of the court's discretion. *State v. Cimini,* 53 Wash. 268, 101 Pac. 891; *State v. Wilmot,* 95 Wash. 326, 163 Pac. 742; *State v. Lindskog,* 127 Wash. 647, 221 Pac. 582; *State v. Roberts,* 136 Wash. 359, 240 Pac. 3; *State v. Danhof,* 176 Wash. 573, 30 P. (2d) 387; *State v. McKeen,* 186 Wash. 127, 56 P. (2d) 1026; *State v. McDowall,* 197 Wash. 323, 85 P. (2d) 660; *State v. Wood,* 200 Wash. 37, 93 P. (2d) 294.

If appellant's original motion for permission to change his plea was in fact *denied* by the former judge, of which fact there is some evidence in the record, such action by the court was an exercise of its discretion, and there is no showing of any abuse of that discretion. As already stated, there was originally no affidavit supporting the motion, and the court was compelled to rely wholly upon the oral argument of counsel.

If, on the other hand, the original motion was withdrawn by appellant's counsel before any action taken thereon by the court, then it is equally apparent that appellant, with full knowledge of all the facts and of his rights and privileges, abandoned his motion and went to trial upon the habitual criminal charge.

Again, when four and a half years later, the same matter came before the second judge, upon appellant's renewed motion, the sound discretion of the court was invoked. The court then fully considered all that had occurred at the prior hearing. It also had before it the countervailing

affidavits of the respective parties recently supplied. The court expressed the view that in entering his plea of guilty on the burglary charge appellant was not acting under any misrepresentation. It is apparent to us that the court came to its conclusion after exercising its sound discretion.

Appellant asserts and strenuously argues that the court, upon the last occasion, did not actually exercise any discretion at all, but simply concluded, without further consideration, that it could not set aside the result of the proceedings upon the original hearing and trial. In support of his argument, appellant refers to a remark made by the later judge in his oral decision that "if this was presented to me in the first instance on the affidavits here presented, I would regard the question as very serious."

By this remark the court did not signify that it would have granted appellant's motion, but merely that a serious question would have been presented by the affidavits. What the court obviously meant was that if, *in the first instance,* the matter had been presented on the affidavits, which was not done originally, a serious question might then have been before the court, regardless of who the presiding judge was. But it is also to be borne in mind, from what has already been stated, that, after presenting his original motion setting forth virtually the same grounds as those contained in his later affidavit, and after oral argument by his own attorney, appellant deliberately withdrew his motion for permission to change his plea. This was a fact which the later judge most probably did take into consideration, as he might well have done.

We have given the matter careful consideration, and conclude not only that the trial court sequentially exercised its sound discretion, but also that no abuse of discretion has been shown.

The judgment is affirmed.

SIMPSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.