Robert Leon **EUZIERE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6013.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1959.

Rehearing Denied June 3, 1959.

Carmon C. Harris, Oklahoma City, Okl., for appellant.

George Camp, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., and Jack R. Parr, Asst. U. S. Atty., Edmond, Okl., on the brief), for appellee.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

HUXMAN, Circuit Judge.

By this appeal, appellant challenges the judgment and sentence of the trial court imposed upon him as a result of a trial by jury in a consolidated trial of two indictments charging him with narcotic law violation.

He complains, (1) that the trial court erred in overruling his motion to suppress certain evidence obtained as a result of an illegal search by state officers; (2) that the trial court was without jurisdiction of one of the causes because it was pending on appeal in the Circuit Court at the time of the trial; and, (3) that the trial proceedings are void because he was denied the right of a speedy trial as guaranteed him by the Federal Constitution, Amend. 6.

A somewhat detailed statement of the facts is necessary to consider these assignments of error. Originally indictment Number 17,512 charged the defendant in six counts with violation of the Federal Narcotic Laws. Appellant filed a motion to suppress the evidence with respect to narcotics obtained as a result of a search by the State officers. The motion to suppress was overruled. Thereupon, counts 2, 3, 5 and 6 were dismissed and appellant entered a plea of guilty to counts 1 and 4, and received sentences of ten years on each count which were made to run consecutively. On appeal, the judgment was reversed and the case was remanded with directions to grant a new trial. On February 4, 1958, the trial judge vacated the original judgment and sentence and reinstated the case and assigned it to another judge for trial. From that order the defendant appealed to this court. On September 4, 1958, the appeal was dismissed without prejudice, the court holding that it was not an appealable order. On January 14, 1958, a new indictment of four counts (Indictment Number 17,920) was returned against defendant. These counts were the identical counts of Indictment Number 17,512 which had been dismissed. On February 28, 1958, the two indictments were consolidated for the purpose of trial. Thus, the defendant went to trial a second time on the same six counts which were originally contained in the original indictment. A motion to suppress the evidence, similar to the one in the original trial, was filed and overruled. Trial to a jury resulted in a verdict of guilty on all counts. The court sentenced the appellant to a cumulative sentence of forty years and imposed a fine of $700.

It is conceded that the search by state officers, which resulted in the discovery of the marijuana and heroin, was an illegal search under federal law.

It is without dispute in the law that evidence obtained as a result of an illegal search by state officers may be used by the Federal Government in a prosecution, if its agents did not participate in the illegal search. In Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 249, 71 L.Ed. 520, the Supreme Court laid down the test to be applied as follows.

"While it is true that the mere participation in a state search of one who is a federal officer does not render it a federal undertaking, the court must be vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods.[1]

The test in all cases is did the federal authorities participate in any way in the search? The answer in each case must depend on the facts of the particular case. We must be realistic in our approach to the problem. There may be participation although the federal agent was not present. There may be participation even though the federal agent did not know that a search was contemplated. So, likewise, there may be lack of participation even though the federal agent was present. There must in all cases be good faith conduct. If by tacit agreement or by a course of conduct, it is understood or becomes apparent that the result of a search by state officers is to be turned over to the federal agents, then they participate in the search as fully as though they actively participated therein.

■ What then are the facts of the case from which the answer must be sought? On December 17, 1955, an Oklahoma City detective, C. W. Roberts, was notified by Del City Police Department that a car belonging to appellant had been located in Del City. Del City is a suburb of Oklahoma City. The police officers of both Del City and Oklahoma City had been attempting for two or three days to locate the driver of appellant's Buick automobile as he was sus-

pected of having been connected with an armed robbery of a supermarket in Oklahoma City. The local officers contacted an F. B. I. agent to ascertain if the defendant was wanted by that Agency. In checking their files, F. B. I. Agent Rawls found that defendant was not on their wanted list, but he did have a picture of the defendant and a girl as a result of a white slave traffic violation investigation previously conducted by the F. B. I. Upon learning that the Del City police had located the questioned automobile, Detective Roberts telephoned Rawls and arranged to meet him in order to obtain the picture before interviewing the defendant. Roberts took Rawls in the detective's police car and drove to Del City where they met with Del City officers who had temporarily lost the suspect's car. A short time later the automobile was located at the Del Motel, and Detective Roberts and F. B. I. Agent Rawls proceeded to the motel office.

The motel grounds are laid out in a U-shape with the office at the back of the center of the horseshoe, or at the point farthest from the highway. Detective Roberts parked his police car near the office and with F. B. I. Agent Rawls identified himself and inquired as to the registrant in Cabin No. 25 whose name was ascertained to be that of the defendant. Thereafter, F. B. I. Agent Rawls inquired of the motel clerk as to whether the defendant had any women at his cabin, and was advised in the negative. Thereafter, Roberts and Rawls, together with the motel manager, left the office and proceeded in the direction of Cabin No. 25. After proceeding only a very short distance, Rawls decided that inasmuch as there were no women reported to be in the cabin, he had no jurisdiction in the matter and refused to proceed further toward Cabin No. 25. Roberts was desirous of seeing the occupant of the cabin and asked Rawls to proceed to the cabin with him, but Rawls refused and turned around and walked back to the motel office where he remained for the next fifteen to thirty minutes.

1. See also Gaitan v. United States, 10 Cir., 252 F.2d 256.

Roberts proceeded to the cabin in which the defendant was registered and, together with other policemen, surrounded the cabin, gained admittance, and conducted a thorough search of the motel cabin in which the defendant was present and found the marijuana and heroin. At that time the contraband was all seized as evidence. Subsequently Roberts left Cabin No. 25 and went to the motel office where he called Detective Doyle of the Oklahoma City Police Department, and also requested Rawls to then come to Cabin No. 25 with defendant's picture. Rawls did accompany Roberts back to Cabin No. 25 and interrogated defendant about the old white slave violation and a possible violation of the Federal Firearms Act, 15 U.S.C.A. § 901 et seq.

Some thirty minutes later Detective Doyle arrived and shortly thereafter called Federal Narcotics Agent Hall who immediately proceeded to the cabin, arriving approximately thirty minutes later. Narcotic Agent Hall was apprised of the circumstances of the finding of the marijuana and heroin and refused to take the seized evidence at that time. Later in the evening, after Narcotic Agent Hall had conferred with the United States Attorney's office, federal charges were filed against the defendant and the other person who was present in the cabin, charging them with the offenses of which appellant now stands convicted. Later that night Narcotic Agent Hall took custody of the narcotics and of the defendant.

While there is some evidence which might support a contrary conclusion, we are satisfied that the evidence as outlined above supports the trial court's conclusion that F. B. I. Agent Rawls did not participate in the search of appellant's cabin and that the motion to suppress the evidence was properly overruled.

It is contended that the court was without jurisdiction of the two counts in Indictment No. 17,512 at the time of the consolidated trial. The second trial on the consolidated indictments started April 8, 1958. At that time case 17,512

was on appeal in the United States Circuit Court of Appeals for the Tenth Circuit. That appeal was not disposed of until some months after the consolidated trial was completed.

■■ Not only Rule 39 of the Rules of Criminal Procedure, 18 U.S.C.A., but all of the cases hold that an appeal divests the trial court of jurisdiction over the case, but that presupposes that there is a valid appeal from an appealable order. The appeal in Case Number 17,512, pending at the time of the second trial, was not such an appeal. It was from a nonappealable order. The appeal was dismissed by the Circuit Court for that reason. An attempt to appeal a non-appealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction.[2]

■ Finally, it is contended that appellant has been denied the right to a fair and speedy trial as contemplated by the Federal Constitution. Appellant was first tried in February, 1956. That judgment was reversed October 26, 1957. As pointed out, the second trial began April 8, 1958, less than six months after the remand of the case by the Circuit Court, and was completed on April 11 thereafter. Appellant's contention that his trial was delayed from February, 1956, to April 11, 1958, because of error on the part of the trial court and without fault on his part, and that because thereof he was denied a speedy trial as contemplated by the Constitution, merits no serious consideration. Merely to note the reason for the time intervening between the date of the first trial and the second trial refutes the contention that the Government was dilatory in bringing appellant to trial. Citation of authorities would add nothing of value to what has been said. Neither would a detailed discussion of the question be helpful.

We find no reversible error in the case. Affirmed.

**2.** 4A C.J.S. Appeal and Error § 603; State v. McDowall, 197 Wash. 323, 85 P.2d 660; Riddle v. Hudgins, 8 Cir., 58 F. 490.