[No. 30159. Department One. June 7, 1947.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN HENSLEY, *Appellant.*[1]

*John Hensley, pro se.*

*Phillip Sheridan, C. P. Brownlee, The Attorney General, Edward J. Lehan* and *Lucile Lomen, Assistants,* for respondent.

SIMPSON, J.—Defendant, John Hensley, filed in the superior court of Snohomish county, a document entitled

[1]Reported in 181 P. (2d) 828.

"Petition for Writ of Coram Nobis." The court denied the writ, and defendant has appealed. He assigns as error on the part of the trial court, the denial of his petition.

In discussing this case, we will assume, without so deciding, that the writ of *coram nobis* may issue in this state.

The trial court based its decision upon the fact that

". . . all of the matters contained in the petition have heretofore been presented to this court upon defendant's petition to withdraw his plea of guilty, which petition for withdrawal of plea of guilty was denied and which decision was affirmed by the Supreme Court of the State of Washington in the case of *State v. Hensley,* 20 Wash. (2d) 95."

The history of appellant's legal difficulties is fully set out in the case just referred to by the trial court. There is no reason to repeat the facts as set out in the cited case. Petition for writ of *coram nobis* was filed subsequent to the decision of this court in *State v. Hensley.*

In the prior case, appellant urged five reasons for reversal of judgment entered by the trial court. Those reasons were: (1) that in the former proceedings he was entirely ignorant of his rights; (2) that he had been informed that, if he pleaded guilty to the burglary charge, he would receive extreme leniency and avoid the extreme penalty; (3) that the proper procedure with reference to habitual criminal causes was undetermined at the time that the particular proceeding was instituted against him; (4) that he had not been advised as to the true state of the law in that respect or as to the inevitable result of his entering a plea of guilty to the burglary charge; (5) that he had never had a trial in connection with the present proceeding except as to the charge of being an habitual criminal; and (6) that he "believed" that he had a good defense to the present action.

In his petition for writ in the present case, appellant makes the following contentions: (1) that he was induced by promises of leniency to plead guilty to the burglary charge; (2) that the proper procedure with reference to the habitual criminal charge had not been followed, and

that the court was without jurisdiction to impose sentence; (3) that the appellant did not knowingly waive his right to counsel in the original burglary proceeding to which he had pleaded guilty; (4) that the prosecuting attorney had maliciously and arbitrarily discriminated against him in the enforcement of the laws of the state of Washington, by intentionally and purposely singling him out for prosecution as an habitual criminal; and (5) that the charge against him as being an habitual criminal did not conform to the statutes.

Comparison of the contentions made by the appellant in *State v. Hensley,* 20 Wn. (2d) 95, 145 P. (2d) 1014, with the contentions as made in the petition in the present appeal, proves conclusively that the contentions in the two cases are alike.

▮ In *State v. Mason,* 25 Wn. (2d) 767, 172 P. (2d) 207, this court had before it a similar situation, and held that the doctrine of *res judicata* applied to orders denying an application to vacate or set aside judgments. In passing upon the issues presented, we stated:

"We are of the opinion that the rule of *res judicata* applies to orders denying applications for writs of *coram nobis* which are, in essence, merely the first steps in a proceeding to vacate a judgment."

We also held that a first order relative to a vacation of judgment would be *res judicata* even though the second application contained additional grounds, provided that the new grounds were based upon facts which the petitioner knew, or should have known at the time the first application was made.

The appellant's contentions, relative to the vacation of the judgment and sentence, were fully considered in the prior appeal. He cannot have them passed upon again.

The judgment of the trial court was correct and is affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and ABEL, JJ., concur.