[No. 18159. Department One. April 22, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM SCOFIELD, *Appellant*.[1]

CRIMINAL LAW (67)—PLEA OF GUILTY—RIGHTS OF ACCUSED. A record of accused's arraignment stating that he waived the statutory rights of counsel, aided by the presumption that the court did its duty, sufficiently shows that the court informed him of his right to counsel, as required by Rem. Comp. Stat., § 2095, especially where the same is indicated by the recitals of the affidavits on a motion to reopen the case.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 4, 1923, upon a plea of guilty of contributing to the delinquency of a minor. Affirmed.

*Joseph F. Morton*, for appellant.

*Chas. H. Leavy* and *Edward M. Connelly*, for respondent.

PARKER, J.—The defendant, Scofield, was, by information filed in the superior court for Spokane county, charged with the misdemeanor of contributing to the delinquency of a minor. Following his arraignment he pleaded guilty, upon which plea judgment

[1]Reported in 224 Pac. 941.

was rendered against him; which arraignment, plea and judgment is evidenced by entry of record thereof, reading as follows:

"State of Washington ⎫
          v.           ⎬
"William Schofield     ⎭

"On this 30th day of March, this cause came regularly on for arraignment and hearing. State appeared by Dep. Pros. Atty. E. E. Alley, defendant appeared in person, the information was duly read, charging said defendant with 'Contributing to the delinquency of a minor.'

"Defendant waived statutory rights of counsel and entered a plea of guilty to the charges. The court being fully advised in the premises, said William Schofield was ordered confined in the county jail for one (1) year."

Thereafter, on April 6th, the defendant moved the court for an order setting aside the judgment rendered against him, permitting him to withdraw his plea of guilty, permitting him to enter a plea of not guilty and awarding him a trial thereon. The motion was heard by the court upon the record of the case, affidavits in behalf of the defendant and counter-affidavits in behalf of the prosecution. Following such hearing, the motion was by the court denied. From this final disposition of the case, the defendant has appealed to this court.

When appellant was brought into court to answer to the information he appeared without counsel, and was thereupon arraigned without having counsel. It is here contended in his behalf that he was not advised by the court, before his arraignment, of his right to counsel, as required of the court by § 2095, Rem. Comp. Stat. [P. C. § 9170], reading as follows:

"If the defendant appear without counsel, he shall be informed by the court that it is his right to have

counsel before being arraigned, and he shall be asked if he desire the aid of counsel, and if it appear that he is unable to employ counsel, by reason of poverty, counsel shall be assigned to him by the court.''

The argument is, in substance, that the record of appellant's arraignment and plea, above quoted, does not affirmatively show that this statutory duty of the court was complied with, and therefore appellant is entitled to have the plea and judgment set aside, to the end that he may now, after consulting counsel for the first time following the entry of the judgment, have his plea of guilty and the judgment rendered thereon set aside in order that he may plead not guilty and have a trial upon such plea. It seems to us that the language of this record, by the strongest kind of inference, especially when aided by the presumption that the court did its duty, calls for the conclusion that appellant was by the court fully informed of his right to counsel as required by the above quoted statute. Treating the question as one of fact determinable by the affidavits apart from the recitals in the record above quoted, there seems to us little room for doubting that the trial judge did, prior to the arraignment inform appellant of his right to counsel as the statute requires. Besides, it is to be noted that the judge who denied appellant's motion was the same judge before whom the arraignment occurred and he had personal knowledge of what occurred upon the arraignment.

Contention is also made in appellant's behalf that he was in such an impaired physical and mental condition at the time of the arraignment as to not be fully aware of what he was then doing or saying. The affidavits, we think, fully warrant a contrary conclusion. Besides, the trial judge had the advantage

of his own personal observations of appellant at the time of the arraignment and the rendering of the judgment.

We do not feel warranted in disturbing the judgment and the order denying appellant's motion. They are, therefore, both affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.