[No. 20908.  Department Two.  January 6, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
BAFORO, *Appellant.*[1]

[1] CRIMINAL LAW (68, 373)—WITHDRAWAL OF PLEA—VACATION OF
JUDGMENT.  Under Rem. Comp. Stat., § 2111, requiring a with-
drawal of a plea and Id., § 2181, requiring an application for
a new trial, to be both made, "before judgment," the court has
no power after judgment to vacate it and permit withdrawal
of a plea of guilty, in the absence of any fraud or irregularity
authorizing its vacation under § 464.

Appeal from an order of the superior court for
Spokane county, Lindsley, J., entered March 11, 1927,
denying a motion to vacate a judgment and sentence,
after a hearing upon affidavits.  Affirmed.

*M. E. Mack,* for appellant.

*Chas. W. Greenough* and *Ferd. J. Schaaf,* for re-
spondent.

MAIN, J.—The defendant was charged by infor-
mation with the crime of uttering a forged check, and
entered a plea of guilty.  Judgment and sentence was
entered on March 7, 1927.  On the day following, or
March 8, having employed counsel, he moved that the
judgment and sentence be set aside and that he be
permitted to withdraw his plea of guilty and enter a
plea of not guilty.  The motion was supported by
affidavits made by the appellant, his father and uncle.
A counter affidavit by the deputy prosecuting at-
torney, who handled the matter, was filed.  The court
entered an order denying the motion, from which the
defendant appeals.

In considering this case, it must be distinctly kept
in mind that the motion to withdraw the plea of guilty

¹Reported in 262 Pac. 964.

and enter a plea of not guilty came after formal judgment and sentence had been entered. Rem. Comp. Stat., § 2111 [P. C. § 9164], provides that, at any time "before judgment," the court may permit the plea of guilty to be withdrawn and another plea to be entered. Section 2181 [P. C. § 9341], provides that an application for a new trial must be made "before judgment" and sets out the grounds. It is at once apparent that neither of those sections has any bearing upon the present case, in view of the fact that the application here came after judgment and sentence. Section 464, [P. C. § 8130], among other things, provides that the superior court, in which a judgment has been rendered, has power to vacate or modify it for "irregularity" or "fraud." In *State v. Scott*, 101 Wash. 199, 172 Pac. 234, it was said:

"But the same liberal exercise of discretion which is reposed in the trial court by §§ 2111 and 2181, touching the permission to substitute pleas and the motion for a new trial before judgment in criminal cases, is not vested in any court where the application is made under § 464 *et seq.* to vacate a judgment. In such a case, it is elementary that the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits. See *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac. 1158, and authorities there cited."

That case is cited with approval in the cases of *State v. Anderson*, 109 Wash. 161, 186 Pac. 266, and *State v. Roberts*, 136 Wash. 359, 240 Pac. 3.

In the present case, there was neither irregularity nor fraud present when the plea of guilty was taken and the judgment and sentence entered. The record of what took place, when the plea was entered, makes it

perfectly apparent that the appellant, even though then only seventeen years of age, was fully aware of the plea that he was entering and of the consequences, even though not represented by counsel at that time. The record of that proceeding, taken in connection with the affidavits, makes it appear that the deputy prosecutor and the court were not in accord as to the proper sentence to be imposed. The appellant, his father and uncle undoubtedly thought that, when the plea was entered, the sentence would be suspended. The deputy prosecuting attorney was of the opinion that appellant should receive a lighter sentence than that given by the court. When the matter came before the court, the deputy prosecutor made a statement which clearly indicates his views, even though it was not fully completed, because of an interruption by the court which resulted in showing that the court entertained a different view. There was no irregularity in the entering of the judgment and sentence. There was no fraud. The deputy prosecuting attorney acted in the utmost good faith with the appellant, his father and uncle. He had discussed the matter with all of them, before they appeared in court. The ultimate fact is, that the trial court and the deputy prosecuting attorney entertained different views as to the proper sentence to be imposed. This was a matter for the court to determine, and there is nothing in the record which would justify a finding of any irregularity or bad faith in connection with the proceeding.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and FRENCH, JJ., concur.