[No. 26659.   Department One.   September 15, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. LEWIS
SEABRANDS, *Appellant*.[1]

[1]Reported in 71 P. (2d) 393.

*A. E. Dailey,* for appellant.

*A. W. Swanson, F. A. Clanton,* and *G. W. Louttit,* for respondent.

BLAKE, J.—The defendant was charged with the crime of attempted rape, in that he attempted to perpetrate an act of sexual intercourse with the complaining witness "against her will and without her consent by . . . attempting to forcibly overcome her resistance to such an act of intercourse." After a verdict of guilty, he interposed a motion in arrest of judgment, which was overruled. Pursuant to § 2, chapter 114, Laws of 1935, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32]), judgment and sentence was imposed, committing defendant to the state penitentiary for a maximum term of twenty years. He appeals, charging error, in that (1) the information is fatally defective; (2) the evidence is insufficient to submit to the jury the question of his identity as the perpetrator of the crime; (3) a requested instruction was denied; (4) motion for new trial on the ground of newly discovered evidence was overruled; and (5) an improper sentence was imposed.

*First:* The information charges the crime in the terms of the statute. Rem. Rev. Stat., § 2435 [P. C. § 9107] (2). Notwithstanding this, appellant contends that, inasmuch as the crime of rape may be committed in ways other than by overcoming the resistance of a woman by physical force, the information was fatally defective by reason of being indefinite. The contention is without merit, in view of other circumstances defined in Rem. Rev. Stat., § 2435 (1) (3) (4) (5), under which the crime may be committed. Clearly, the use of the word "forcibly" in

subd. (2) contemplates commission of the crime by overcoming the woman's resistance by physical force.

■ *Second:* The question of the sufficiency of the evidence to establish appellant's identity was for the jury. The complaining witness testified that, while walking along a highway about eight-thirty in the evening of May 9th, she was attacked by a man whom she recognized to be the appellant. It is unnecessary to repeat the description of the attack, as related by her. It is not suggested that the acts committed did not constitute an attempt to commit rape. Shortly after the attack, the complaining witness, in a badly mauled condition, appeared at a house in the neighborhood, and told of the attack, naming appellant as the assailant, and saying that she had scratched his face. Another witness testified that she saw appellant about nine o'clock the same evening, with fresh scratches on his face.

The contention that this evidence is not sufficient to make a case for the jury is predicated on statements of the complaining witness, testified to by certain witnesses, to the effect that the assault occurred April 25th, and that she was not certain that appellant was her assailant until she saw him a few days later with scratches on his face. This evidence goes no further than to make the question of identity of appellant an issue for the jury.

■ *Third:* The requested instruction is not set out in appellant's brief. While, under Rule VIII (2), 159 Wash. xliii, and *State v. Hussey,* 188 Wash. 454, 62 P. (2d) 1350, appellant is not entitled to have the assignment of error considered, we may say that an instruction given by the court adequately covered the subject matter of the request.

■ *Fourth:* On the trial, appellant's evidence was designed to establish an alibi. The newly discovered

evidence, as disclosed by the affidavits upon the strength of which appellant asked for a new trial, falls into two classes: (1) Evidence tending to impeach witnesses for the state; and (2) evidence tending to support appellant's alibi. This court has repeatedly held that a new trial will not be granted on the ground of newly discovered evidence when it is merely cumulative or of an impeaching character. *State v. Wilcox*, 114 Wash. 14, 194 Pac. 575.

■ *Fifth:* Rem. Rev. Stat., § 2435, defining rape, fixes the penalty at "not less than five years." Rem. Rev. Stat., § 2264 [P. C. § 8699] (2), provides that an attempt to commit a crime shall be punishable by imprisonment in the same manner as may be prescribed for the commission of the completed offense, for not more than half the longest term. Rem. Rev. Stat., § 2265 [P. C. § 8700], provides that, when a person is convicted of a felony for which no punishment is specially prescribed by statute, he shall be punished by imprisonment "for not more than ten years." The appellant contends that, reading these three sections together, he is not liable to a maximum sentence of more than five years; that he is not amenable to punishment under § 2, chapter 114, Laws of 1935, p. 309, which provides:

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term; if the law does not provide a maximum term for the crime for which such person was convicted, the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment: *Provided, however,* That in any case where such maximum term is fixed by the court the maximum term shall be fixed at not less than twenty (20) years."

The contention is untenable, in view of the decision of this court in *State v. Mulcare,* 189 Wash. 625,

66 P. (2d) 360. The defendants in the case cited were convicted of the crime of attempted robbery, and, pursuant to § 2, chapter 114, Laws of 1935, p. 309, were sentenced to terms of not more than twenty years. Rem. Rev. Stat., § 2418 [P. C. § 9116], defining robbery, prescribes the penalty at "not less than five years." In that case we said:

"But wholly aside from what has just been said, § 2, p. 309, of the 1935 act, Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32], specifically provides that, when no maximum is provided by law, the court shall fix it at any number of years up to and including life imprisonment, but in no event less than twenty years. This section applies to felonies, including that of robbery, and consequently that of attempted robbery. The statute being constitutional and valid, and its terms clear and plain, it was without the power of the court to fix the maximum at less than twenty years."

With respect to the penalty to which he is amenable, the appellant is in the exact situation of the defendants in the case cited. The judgment and sentence imposed upon him was correct, and is affirmed.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.