[No. 29893. Department One. July 8, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY GRANT
COWAN, *Appellant.*[1]

*Ralph E. Purvis,* for appellant.

*Frederick B. Cohen* and *W. U. Park,* for respondent.

SIMPSON, J.—This is an appeal from the order of the su-
perior court denying a motion to vacate a judgment of con-
viction in a criminal case.

The motion to vacate the judgment recited that, at the
time of arraignment, an illegality occurred in the proceed-
ings, in that defendant was not advised that he had a right
to be represented by an attorney and was thereby deprived
of his constitutional right to be represented by counsel at
the time he was arraigned. Defendant also claimed in his
motion that he had a valid defense to the crime charged in
the information because of the fact that he was so intoxi-

[1]Reported in 170 P. (2d) 653.

cated at the time of the alleged acts that he did not possess the required intent to attempt a robbery. A hearing was had upon the motion, and the court refused to enter an order vacating the judgment.

His one assignment of error is that the court erred in finding that appellant had been advised of his right to have counsel at the time of his arraignment. At the time of the arraignment, appellant entered a plea of guilty.

The information was filed July 30, 1945. The date of arraignment and plea of guilty was August 6, 1945, and the judgment was entered on the last-mentioned date. Motion to vacate and set aside the judgment was filed November 30, 1945. No appeal was taken from the original judgment.

The evidence presented to the court upon the petition to vacate the judgment was presented orally and by affidavits. The appellant's evidence given by him and a substitute court reporter attempted to show that, at the time he was arraigned, the court did not fully advise him that he had the right to be represented by an attorney. Appellant's testimony was as follows:

"Q. On the day of the arraignment, August 6th, 1945, will you state whether or not the court advised you that you had a right to an attorney? A. He did not. MR. COHEN: I object to that—whether he was advised or not advised. THE COURT: (To Witness) You remember what the conversation was? THE WITNESS: Yes, the judge asked me if I wanted a lawyer and I told him it might not be a bad idea. Then he asked me if I wanted the State to appoint a lawyer. I didn't know at the time what it meant—that the State would appoint it. I didn't want to be a burden on my folks, so I just plead guilty to this charge. Q. As you remember, was that all that was said about an attorney at the arraignment? In other words, at the arraignment, did you know you had a right to an attorney? A. No, I didn't."

An affidavit presented by Richard Staub, court bailiff, shows that appellant was asked his true name, which he gave as Roy Grant Cowan; that the court informed appellant that he was charged with attempted robbery and asked him if he wanted an attorney; that the court also informed the defendant that he had the right to the services of an

attorney; that appellant replied that he did not want counsel, and that thereafter the information was read and the appellant entered a plea of guilty.

The prosecuting attorney's affidavit shows that appellant was asked his true name, which he gave as Roy Grant Cowan; that the court advised appellant that he had a right to have an attorney; that defendant stated then in open court that he did not want or need an attorney to represent him, whereupon the information was read, the appellant entered a plea of guilty, and was sentenced by the court.

The affidavit of Honorable Edmund Stafford, judge of the superior court of Kitsap county, before whom appellant was arraigned, presented an affidavit which reads in part as follows:

"That the defendant was first asked his true name which he gave as Roy Grant Cowan, whereupon the affiant advised the defendant that he had a right to have an attorney to represent him in this cause; that the defendant informed the affiant that he did not want or need an attorney to represent him; that the Prosecuting Attorney then read to the defendant the information and this affiant asked him if he knew the nature of it, to which he replied that he did; this affiant then asked him whether his plea was guilty or not guilty to which the defendant pleaded guilty; thereupon the Prosecuting Attorney gave a full statement of the case and this affiant then questioned the defendant as to his conduct and the actions relative to the commission of this crime; that the defendant fully and freely confessed in open court to all the elements of the crime and thereupon this affiant sentenced the defendant to a term of not more than twenty (20) years at the Washington State Reformatory at Monroe."

The facts in the cases of *State v. Scofield,* 129 Wash. 295, 224 Pac. 941, and *State v. Baforo,* 146 Wash. 312, 262 Pac. 964, are somewhat similar to those in the case at bar.

The defendant in the first case cited was charged with contributing to the delinquency of a minor. Following his arraignment, he pleaded guilty, upon which plea judgment was entered. Soon thereafter, he moved the court to set aside the judgment and allow a substitute plea and trial.

The motion was heard and denied by the trial court. On his appeal, appellant contended that he was entitled to have the motion granted, for the reason that the record did not affirmatively show that the statutory duty of the court had been discharged regarding information given to the appellant of his right to counsel. The clerk's record carried this report: "Defendant waived statutory rights of counsel and entered a plea of guilty to the charges."

In affirming the judgment and the order denying appellant's motion, this court used the following language:

"It seems to us that the language of this record, by the strongest kind of inference, especially when aided by the presumption that the court did its duty, calls for the conclusion that appellant was by the court fully informed of his right to counsel as required by the above quoted statute. Treating the question as one of fact determinable by the affidavits apart from the recitals in the record above quoted, there seems to us little room for doubting that the trial judge did, prior to the arraignment inform appellant of his right to counsel as the statute requires."

The statute referred to is Rem. Rev. Stat., § 2095 [P.P.C. § 121-37], which reads as follows:

"If the defendant appear without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and he shall be asked if he desire the aid of counsel, and if it appear that he is unable to employ counsel, by reason of poverty, counsel shall be assigned to him by the court."

In the second case, this court cited the general rule that a motion to vacate a judgment is addressed to the sound discretion of the trial court, and that, in exercising that discretion, the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement along with a tender of a *prima facie* defense. In passing upon the question presented, we had the following to say:

"The record of what took place, when the plea was entered, makes it perfectly apparent that the appellant, even though then only seventeen years of age, was fully aware of the plea that he was entering and of the consequences."

In this case, it appears from the record that the trial court complied with the provisions of the statute and with the constitutional provision guaranteeing to a defendant the right to be represented by counsel. In fact, the information given by the court in this case indicates very clearly that the appellant was apprised of his rights; that he knew what he intended to do, and was acquainted with the consequences of his plea of guilty. We hold, therefore, that the trial court in accepting a plea of guilty complied with the constitutional and statutory requirements, and that no error was committed.

The order denying the petition to vacate the judgment is, therefore, affirmed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.