[No. 32338.   Department One.   April 23, 1953.]

*In the Matter of the Application of* JOHN W. MACDUFF *for a Writ of Habeas Corpus.*

JOHN W. MACDUFF, *Petitioner*, v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*John W. Macduff, pro se.*

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

PER CURIAM.—On May 1, 1944, the petitioner entered a plea of guilty to a charge of taking a motor vehicle without permission of the owner, in violation of RCW 9.54.020. The court entered judgment and sentence that petitioner be punished by imprisonment for a period of not more than twenty years.

The petitioner now claims that the judgment and sentence were illegal, in that his term of confinement could not legally exceed ten years as provided by Rem. Rev. Stat., § 2265. The statute reads as follows:

"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not

[1]Reported in 256 P. (2d) 293.

more than ten years, or by a fine of not more than five thousand dollars, or by both." (Laws of 1909, chapter 249, § 13, p. 894, RCW 9.92.010.)

RCW 9.54.020, under which statute petitioner was convicted, makes the offense a felony, but does not prescribe any maximum or minimum term of punishment. (Laws of 1919, chapter 64, § 1, p. 131.)

RCW 9.95.010 (Laws of 1935, chapter 114, § 2, p. 309) provides that, when a person is convicted of a felony (with certain exceptions), the court shall fix the maximum term of such person's sentence only, but if the law under which such person is convicted does not provide a maximum term, the court shall fix such maximum term at not less than twenty years. The statute is a part of the act relating to prison terms and paroles.

In *State v. Mulcare*, 189 Wash. 625, 66 P. (2d) 360; *State v. Seabrands*, 191 Wash. 472, 71 P. (2d) 393; and *State v. McVeigh*, 35 Wn. (2d) 493, 214 P. (2d) 165, we decided that the act of 1935 applied to felony cases where no maximum was provided, rather than the sections of the act of 1909 fixing terms of confinement.

The judgment and sentence was correct, and the application for a writ of *habeas corpus* is denied.