[No. 33814. *En Banc.* August 8, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOHN WILLIAM KLAPPROTH, *Petitioner,* v. P. J. SQUIER, *as Superintendent of the State Reformatory, Respondent.*[1]

*John William Klapproth, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

*W. J. Murphy* and *Orville E. Peebles, amici curiae.*

[1]Reported in 314 P. (2d) 430.

MALLERY, J.—The petitioner pleaded guilty to a charge of intentionally taking a motor vehicle without the permission of the owner in violation of RCW 9.54.020, Rem. Rev. Stat., § 2601-1. He was sentenced to a maximum of not more than twenty years' confinement in the reformatory of the state of Washington.

He now seeks to have his plea set aside upon the ground that he was not accorded due process of law. He was seventeen years of age at the time of his arraignment. His complaint is that ". . . the Superior Court of King County did not exert its influence to press counsel upon the juvenile child, . . ." It is not contended that he was denied his constitutional right to be represented by counsel.

The following parts of the record show a competent and intelligent entry of his plea:

"THE COURT: You are charged with the crime of taking a motor vehicle without permission of owner. Have you an attorney? MR. KLAPPROTH: No. . . . [The information was read and a copy thereof served upon petitioner.] THE COURT: . . . Do you have an attorney? MR. KLAPPROTH: No, sir. THE COURT: How old are you? MR. KLAPPROTH: 17. . . . THE COURT: Do you have any funds with which to employ an attorney? THE WITNESS: My mother is supposed to have an attorney now. THE COURT: She lives here? MR. KLAPPROTH: Yes. THE COURT: Do you think your mother is going to get an attorney? MR. KLAPPROTH: Yes. THE COURT: When did she tell you? MR. KLAPPROTH: Friday."

On October 18, 1955, the cause came on again for hearing and the following ensued:

"MR. CALLOW: May the record show this is the matter of State vs. John W. Klapproth on a charge of taking a motor vehicle without permission, No. 29541. The defendant is here in court and is not represented by counsel. THE DEFENDANT: I have talked to my folks, and I have decided not to have counsel. MR. CALLOW: You do not wish the appointment of counsel by the court? THE DEFENDANT: Yes, sir. MR. CALLOW: That is correct? THE DEFENDANT: Yes, sir. MR. CALLOW: And are you prepared to enter a plea to that charge at this time? THE DEFENDANT: Yes, sir. THE COURT: On October 11, Mr. Klapproth, you advised the court that

you were procuring your own attorney. THE DEFENDANT: Yes, sir. THE COURT: You have decided against that? THE DEFENDANT: Yes, sir. THE COURT: And you do not wish the court to appoint an attorney to represent you? THE DEFENDANT: No, sir. THE COURT: Beg pardon? THE DEFENDANT: No, sir. I'd rather not have one. THE COURT: You have given this matter full consideration, have you? THE DEFENDANT: Yes, sir."

■ The court thus particularly asked if he desired the aid of counsel and if he was able to employ counsel. It did not appear that he was unable to employ counsel by reason of poverty. Petitioner specifically waived his right to legal counsel, which even a minor can do. *State v. Baforo*, 146 Wash. 312, 262 Pac. 964.

RCW 10.40.030 [*cf*. Rem. Rev. Stat., § 2095] reads:

"If the defendant appear without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and he shall be asked if he desire the aid of counsel, and if it appear that he is unable to employ counsel by reason of poverty, counsel shall be assigned to him by the court."

The fair intendment of the court's language was to repeatedly offer the *appointment* of counsel for petitioner until he specifically refused it. The continuance of petitioner's arraignment on four occasions negatives any risk that his waiver of counsel was due to haste or pressure.

*In re Wilken v. Squier, ante* p. 58, 309 P. (2d) 746, is not in point. That case was decided upon the basis that the defendant was "under the mistaken impression that, since he cannot afford to pay a lawyer, he cannot have legal representation." In the instant case, the *appointment* of counsel was declined.

The statute imposes no duty upon the court "to press counsel" upon a minor defendant. It does not prescribe the use of a particular form of words, and petitioner does not contend that he did not know he had a *right* to counsel.

Petitioner waived his right to counsel by refusing the appointment of counsel, and his plea of guilty, after adequate deliberation, was competently and intelligently entered.

He has had due process of law. His plea will not be set aside.

■ Petitioner was given a maximum sentence of not more than twenty years' imprisonment in compliance with RCW 9.95.010 [cf. Rem. Supp. 1947, § 10249-2 part], which we held in In re Macduff v. Cranor, 42 Wn. (2d) 488, 256 P. (2d) 293, was applicable to the offense here in question.

We now overrule In re Macduff, supra, and hold that RCW 9.95.010 is not applicable.

The applicable statute under which petitioner must be sentenced is RCW 9.92.010, Rem. Rev. Stat., § 2265, which reads:

"Every person convicted of a felony *for which no punishment is specially prescribed* by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for *not more than ten years,* or by a fine of not more than five thousand dollars, or by both." (Italics ours.)

This statute is applicable because no specific penalty is provided for the offense in question in the statute defining the crime. It is to be noted that this *statute* fixes a *maximum penalty.*

The source of the error in In re Macduff, supra, which we now correct, was that it assumed that RCW 9.92.010 was repealed by implication for the reason that RCW 9.95.010 was a part of the act relating to prison terms and paroles which revamped the over-all system of prison sentences.

RCW 9.95.010 [cf. Rem. Supp. 1947, § 10249-2 part] provides, *inter alia:*

"When a person is convicted of any felony, . . . the court shall sentence such person to the penitentiary, . . . and shall fix the maximum term of such person's sentence only.

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, *if the law provides for a maximum term.* If the *law does not* provide a maximum term for the crime of which such person was convicted *the court shall fix such maximum term,* which may be for any number of years up to and including life imprisonment but in any case

where the maximum term is fixed *by the court* it shall be fixed at *not less than twenty years."* (Italics ours.)

The assumption that this section superseded RCW 9.92-.010 was not warranted, since the statutes in question are not repugnant and can be construed together simply by making the twenty-year maximum *fixed by the court* under RCW 9.95.010 inapplicable where the maximum penalty fixed *by law* in RCW 9.92.010 is applicable.

The twenty-year maximum term *to be fixed by the court* under RCW 9.95.010 therefore does not apply in the instant case. The ten-year maximum sentence prescribed by RCW 9.92.010 is the correct penalty to be applied herein.

This holding makes it necessary to correct the sentence pronounced upon the petitioner by the trial court, and, accordingly, the respondent is directed to produce the petitioner in the court where his plea was entered. That court is directed to impose a corrected sentence in accord with this opinion.

HILL, C. J., SCHWELLENBACH, DONWORTH, OTT, and FOSTER, JJ., concur.

FINLEY, J. (dissenting)—On September 27, 1955, petitioner Klapproth (a minor, seventeen years of age) was charged with the crime of intentionally taking a motor vehicle without the permission of the owner, in violation of RCW 9.54.020. At his arraignment, as discussed hereinafter, *petitioner was not represented by legal counsel.* Upon his *plea of guilty,* the court found the petitioner "guilty as charged," and sentenced him to punishment by confinement at the reformatory of the state of Washington *for a maximum term of not more than twenty years.*

In this *habeas corpus* proceeding, petitioner Klapproth is seeking to have his conviction set aside. In essence, he alleges violation of due process constitutional rights, contending that the trial court should have appointed legal counsel for him, because, when arraigned, he was (1) seventeen years of age, and (2) without the necessary funds to employ legal counsel.

The right to attack a judgment not void on its face on due process grounds has been recognized by this court. *In re Wilken v. Squier, ante* p. 58, 309 P. (2d) 746.

There is no statutory or constitutional provision which requires a trial court of this state to appoint legal counsel for a minor charged with a serious criminal offense *solely because he is a minor*. Nevertheless, in such instances, it seems to me that the better practice would be to appoint legal counsel.

The basic due process test in any given case is whether the accused has *competently and intelligently waived counsel*. In the case of *In re Gensburg v. Smith*, 35 Wn. (2d) 849, 215 P. (2d) 880, the court quoted from *Gibbs v. Burke*, 337 U. S. 773, 780, 93 L. Ed. 1686, 69 S. Ct. 1247, as follows:

" 'Our decisions have been that where the ignorance, youth, or other incapacity of the defendant made a trial without counsel unfair, the defendant is deprived of his liberty contrary to the Fourteenth Amendment. [Footnote: *Uveges v. Pennsylvania*, 335 U. S. 437, 441, and cases there cited.] Counsel necessary for his adequate defense would be lacking.' "

In the *Gensburg* case, the court further said:

"An accused person may waive his constitutional right to counsel, but this power of waiver, to be effective, must be exercised 'competently and intelligently.' *Johnson v. Zerbst*, 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357; *Voigt v. Webb*, 47 F. Supp. 743. In the *Johnson* case it was further held that one who asserts that the right to counsel was not competently and intelligently waived, has the burden of proof to establish that claim."

See, also, *Thorne v. Callahan*, 39 Wn. (2d) 43, 234 P. (2d) 517.

In the case of *State v. Baforo*, 146 Wash. 312, 262 Pac. 964, the defendant (a minor) filed a motion in the trial court to withdraw a plea of guilty. The motion was denied, and this court affirmed, stating:

"The record of what took place, when the plea was entered, makes it perfectly apparent that the appellant, even though then only seventeen years of age, was fully aware of the plea that he was entering and of the consequences, even though not represented by counsel at that time."

Under the circumstances indicated in the above-cited cases, the right to legal counsel may be waived by a minor without any violation of his due process constitutional rights.

In the instant case, there is a complete record of the arraignment proceedings. On the basis of this record, I am convinced that the trial court failed to advise the petitioner properly of his right to have the advice and assistance of legal counsel as prescribed by RCW 10.40.030, and guaranteed by Art. I, § 22, of the state constitution. The aforementioned statute provides:

"If the defendant appear without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and he shall be asked if he desire the aid of counsel, and if it appear that he is unable to employ counsel by reason of poverty, counsel shall be assigned to him by the court."

When a defendant is brought before the court for arraignment, the above statute requires *four specifics* of the trial judge. He must (1) inform the defendant of his right to have the advice and assistance of legal counsel; (2) ask the defendant if he desires the aid of legal counsel; and, supplementing the foregoing, the trial judge must (3) inquire whether the defendant has funds with which to employ legal counsel, and (4) advise the defendant that, if he is without funds, legal counsel will be appointed by the court, at public expense, and at no expense to the defendant. This should be crystal clear from the decision of this court in *In re Wilken v. Squier, supra*; see, also: *In re Pennington v. Smith*, 35 Wn. (2d) 267, 212 P. (2d) 811; and *Thorne v. Callahan, supra*.

I believe the duty of the trial judge in connection with the foregoing specifics is not discharged, and the requirements of due process are not satisfied, by a casual and perfunctory, or merely ritualistic, performance. The principles involved are of real substance, basically significant to our way of life and to our concepts of justice, law, and order. They demand and require more than the *once-over-lightly* treatment. Furthermore, in *Thorne v. Callahan, supra*, we stated that,

where the question presented in a *habeas corpus* proceeding is a claimed violation of due process constitutional rights, considerations relative to the guilt or innocence of an accused are not material in the resolution of the due process issue. See *In re Wilken v. Squier, supra.*

Conceding that the arraignment proceedings in the instant case were continued four times, this does not in itself seem significant to me. The record shows the following colloquy between the court, the prosecutor, and the petitioner:

"THE COURT: You are charged with the crime of taking a motor vehicle without permission of owner. *Have you an attorney?* MR. KLAPPROTH: No. . . . [The information was read and a copy thereof served upon petitioner.] THE COURT: . . . Do you have an attorney? MR. KLAPPROTH: No, sir. THE COURT: How old are you? MR. KLAPPROTH: 17. . . . THE COURT: *Do you have any funds with which to employ an attorney?* THE WITNESS: My mother is supposed to have an attorney now. THE COURT: She lives here? MR. KLAPPROTH: Yes. THE COURT: Do you think your mother is going to get an attorney? MR. KLAPPROTH: Yes. THE COURT: When did she tell you? MR. KLAPPROTH: Friday." (Italics mine.)

After the foregoing, a continuance was granted apparently to allow the prosecutor to obtain a copy of the waiver of jurisdiction from the juvenile court, and to allow the petitioner to consult an attorney. On October 18, 1955, the cause came on again for hearing and the following ensued:

"MR. CALLOW: May the record show this is the matter of State vs. John W. Klapproth on a charge of taking a motor vehicle without permission, No. 29541. The defendant is here in court and is not represented by counsel.

"THE DEFENDANT: I have talked to my folks, and I have decided not to have counsel. . . . THE COURT: On October 11, Mr. Klapproth, you advised the court that you were procuring your own attorney. THE DEFENDANT: Yes, sir. THE COURT: You have decided against that? THE DEFENDANT: Yes, sir. THE COURT: *And you do not wish the court to appoint an attorney to represent you?* THE DEFENDANT: No, sir. THE COURT: Beg pardon? THE DEFENDANT: No, sir. I'd rather not have one. THE COURT: *You have given this matter full consideration, have you?* THE DEFENDANT: Yes, sir." (Italics mine.)

Thus, the italicized portion of the above-quoted record is as close as the trial court came to advising petitioner of his statutory and constitutional rights relative to obtaining the advice and counsel of an attorney. This falls short of the mandatory requirements set out and emphasized above.

The trial court complied neither in form nor in substance with the above-mentioned four specifics concerning the rights of an accused to legal advice and counsel. Under the circumstances, I am convinced (1) that there was no intelligent and understanding waiver of legal counsel, (2) that the judgment and sentence should be vacated, and (3) that the petitioner should be remanded to the custody of the sheriff of King county for rearraignment and further proceedings in accordance with the views expressed herein.

For the reasons indicated hereinabove, I dissent.

ROSELLINI, J., concurs with FINLEY, J.

---

September 24, 1957. Petition for rehearing denied.