[No. 33777.   Department One.   September 17, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HAROLD RICHEY, *Petitioner,* v. P. J. SQUIER, *as Superintendent of the State Reformatory, Respondent.*[1]

*Harold Richey, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—On December 23, 1956, the petitioner entered a plea of guilty to a charge of taking a motor vehicle without permission of the owner, in violation of RCW 9.54-.020, Rem. Rev. Stat., § 2601-1. The court entered judgment and sentence that petitioner be punished by imprisonment for a period of not more than twenty years.

The petitioner now claims that the judgment and sentence were illegal, in that his term of confinement could not legally exceed ten years, as provided by RCW 9.92.010, Rem. Rev. Stat., § 2265. The statute reads as follows:

"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both." Laws of 1909, chapter 249, § 13, p. 894.

[1] Reported in 315 P. (2d) 638.

RCW 9.54.020, under which statute petitioner was convicted, makes the offense a felony, but does not prescribe any maximum or minimum term of punishment. Laws of 1919, chapter 64, § 1, p. 131.

RCW 9.95.010 (Laws of 1935, chapter 114, § 2, p. 309 [cf. Rem. Supp. 1947, § 10249-2 part]) provides that, when a person is convicted of a felony (with certain exceptions), the court shall fix only the maximum term of such person's sentence, but if the law under which such person is convicted does not provide a maximum term, the court shall fix such maximum term at not less than twenty years. The statute is part of the act relating to prison terms and paroles.

*In re Klapproth v. Squier* (1957), 50 Wn. (2d) 675, 314 P. (2d) 430, overruled our former decision *In re McDuff v. Cranor* (1953), 42 Wn. (2d) 488, 256 P. (2d) 293, and held that RCW 9.92.010 is the applicable sentencing statute, rather than RCW 9.95.010 when no specific penalty is provided for the offense in question; here, the intentional taking of a motor vehicle without the permission of the owner is a violation of RCW 9.54.020.

The twenty-year maximum term to be fixed by the court under RCW 9.95.010 does not apply in the instant case. The ten-year maximum sentence prescribed by RCW 9.92-.010 is the correct penalty to be applied here.

*In re Klapproth v. Squier, supra,* makes it necessary to correct the sentence pronounced upon the petitioner by the trial court, and, accordingly, the respondent (or his successor) is directed to produce the petitioner in the court where his plea was entered. That court is directed to impose a corrected sentence in accord with this opinion.