[No. 34056. Department One. September 17, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WAYNE W. POWERS, *Petitioner*, v. MERLE E. SCHNECKLOTH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Wayne W. Powers, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—On November 14, 1952, the petitioner was found guilty of the crime of taking a motor vehicle without permission of the owner, in violation of RCW 9.54.020, Rem. Rev. Stat., § 2601-1. The court entered judgment and sentence that petitioner be punished by imprisonment for a period of not more than twenty years.

For the same reasons indicated in the per curiam opinion in *In re Richey v. Squier, ante* p. 38, 315 P. (2d) 638, filed this day, the petitioner is to be returned to the court where his plea was entered, and that court is directed to impose a corrected sentence.

[No. 34078. Department One. October 17, 1957.]

*In the Matter of the Application of* JAMES LOUIS BASTIAN *for a Writ of Habeas Corpus.*

JAMES LOUIS BASTIAN, *Petitioner*, v. MERLE R. SCHNECKLOTH, *as Superintendent of the State Penitentiary, Respondent.*[2]

*W. J. Murphy* and *Orville E. Peebles,* for petitioner.

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—The petitioner was found guilty of the crime of taking a motor vehicle without the permission of the owner in violation of RCW 9.54.020, Rem. Rev. Stat. § 2601-1. The trial court entered judgment and sentence that the petitioner be imprisoned for a period of not more than twenty years.

For the reasons indicated in *In re Klapproth v. Squier* (1957), 50 Wn. (2d) 675, 314 P. (2d) 430, and in *In re Richey v. Squier* (1957), *ante* p. 38, 315 P. (2d) 638, it is necessary to correct the sentence pronounced by changing the maximum from twenty to ten years, as provided by RCW 9.92.010, Rem. Rev. Stat., § 2265.

The respondent is directed to produce the petitioner in the court where he was convicted, and where judgment and sentence was pronounced; and that court is directed to impose a corrected sentence, as indicated in this opinion and in the cases cited.

[1]Reported in 315 P. (2d) 639.

[2]Reported in 316 P. (2d) 1105.