51 Wn.2d 92 (1957)
316 P.2d 117
In the Matter of the Application for a Writ of Habeas Corpus of JOE FRIEDBAUER, Petitioner,
v.
THE STATE OF WASHINGTON et al., Respondents.[1]
No. 34148.
The Supreme Court of Washington, Department Two.
October 10, 1957.
Gus L. Thacker, for petitioner.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
PER CURIAM:
Monday, April 2, 1956, Joe Friedbauer entered a plea of guilty to the crime of carnal knowledge, as charged in an information prepared that day. He was immediately, following his arraignment and plea of guilty, sentenced to not more than twenty years in the state penitentiary.
At the time of his arraignment, the trial court said to him:
*93 "Mr. Friedbauer, before asking you to plead in this matter, the Court now advises you that you have the right to take 24 hours in which to decide your plea as to whether or not you're guilty or not guilty. Also, you have a right to contact an attorney to represent you in this matter. Do you wish to enter a plea at this time?"
Nothing further was said concerning any rights or privileges he might have.
The statement of facts, which included all of the proceedings at the time of the arraignment and sentence, shows absolutely nothing to support the recitals in the judgment and sentence that the court advised the defendant that (1) "he was entitled to a trial by jury," and (2) "the court would appoint counsel for him at the expense of the county if he so desired and was without funds." Nor is there anything to support the recital that "the defendant being asked if there were any causes that Judgment should not be pronounced."
The defendant's application for a writ of habeas corpus here, as in In re Wilken v. Squier, 50 Wn. (2d) 58, 309 P. (2d) 746, raises the question of whether he competently and intelligently waived the right guaranteed to him under the Federal and state constitutions to have the aid of counsel before entering a plea of guilty.
The Wilken case points out three things that a trial court must do in connection with an arraignment. (Judge Finley suggests four in his dissent in In re Klapproth v. Squier (1957), 50 Wn. (2d) 675, 679, 314 P. (2d) 430, before it can be said that a defendant competently and intelligently waived his right to counsel.)
[1] One of the "musts" is to ascertain whether the defendant can employ counsel, and, if he cannot, to inform him that he can have counsel at public expense if he so desires. That was not done in the present case, and so we hold that the defendant did not competently and intelligently waive his right to counsel, and that he was thereby deprived of rights guaranteed by amendment 10 of the constitution of the state of Washington and amendment 14 of the constitution of the United States. (In fairness to the *94 trial court, it should be pointed out that the Wilken case was not decided until April 4, 1957, about a year after the Friedbauer arraignment.)
The judgment and sentence of the Grant county superior court of April 2, 1956, under which Joe Friedbauer was committed to the Washington state penitentiary, is vacated, with the direction that he be remanded to the custody of the sheriff of Grant county to answer to the charge of the information, and to be dealt with by the superior court for that county according to law and in a manner consistent with the views expressed herein.
NOTES
[1] Reported in 316 P. (2d) 117.