[No. 34350. Department One. October 17, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LAWRENCE R. BRAUN, JR., *Petitioner,* v. RAY BELNAP, *as Superintendent of the State Reformatory, Respondent.*[1]

*Lawrence R. Braun, Jr., pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—The petitioner was found guilty of a violation of RCW 9.54.020, Rem. Rev. Stat. § 2601-1, and on May 10, 1955, was sentenced to imprisonment for a period of not more than twenty years. (He was at the same time sentenced to not more than fifteen years on a conviction for the crime of second-degree burglary [a violation of RCW 9.19.020, Rem. Rev. Stat., § 2579], the two offenses being charged in the same information, and the sentences to run concurrently.)

The petitioner's application for a writ of *habeas corpus* is devoid of merit, his contentions being concerned with the admission of evidence, which should have been reviewed by appeal. No complaint is made concerning the excessive sentence for the violation of RCW 9.54.020, *supra,* but the assistant attorney general points out that the maximum for the offense charged should be ten years, RCW 9.92.010, Rem. Rev. Stat., § 2265, instead of twenty. *In re Klapproth v. Squier* (1957), 50 Wn. (2d) 675, 314 P. (2d) 430; *In re Richey v. Squier* (1957), *ante* p. 38, 315 P. (2d) 638.

For the reasons indicated in *In re Klapproth v. Squier, supra,* and in *In re Richey v. Squier, supra,* the petitioner is to be returned to the court where judgment and sentence was entered and that court is directed to impose a corrected sentence for the violation of RCW 9.54.020, Rem. Rev. Stat., § 2601-1, in accordance with RCW 9.92.010, Rem. Rev. Stat., § 2265 and the cases cited.

This, of course, in no way affects the sentence on the conviction for second-degree burglary.

[No. 33871. *En Banc.* November 21, 1957.]

AL HAYES, *Appellant,* v. WELDON GWINN *et al., Respondents.*[2]

*Alvin J. Ziontz* and *Joseph B. Smith,* for appellant.

*Taylor & Taylor,* for respondents.

PER CURIAM.—Upon a hearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein, and reported in 49 Wn. (2d) 908, 307 P. (2d) 1063.

[1] Reported in 316 P. (2d) 472.

[2] Reported in 317 P. (2d) 1071.