[No. 34469.    Department Two.    December 12, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JACK R. ALLEN, *Petitioner*, v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Jack R. Allen, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—The petitioner was found guilty of a violation of RCW 9.54.020, Rem. Rev. Stat., § 2601-1, and RCW 9.31.010, Rem. Rev. Stat., § 2342, and was sentenced to a term of twenty years on each of these counts. (He was, at the same time, sentenced to not more than fifteen years on a conviction for the crime of second-degree burglary [a violation of RCW 9.19.020, Rem. Rev. Stat., § 2579].) These three offenses were charged in the same information, and the sentences were directed by the court to run concurrently.

Upon careful examination of the pleadings and supporting memorandum briefs submitted by the respective parties, we find the petitioner's application for a writ of *habeas corpus* to be without merit.

Complaint has been made, however, that the sentence entered upon petitioner's conviction for escape, is erroneous under the provisions of RCW 9.92.010, Rem. Rev. Stat., § 2265 and prior decisions of this court. See *In re Ashley v. Delmore* (1956), 49 Wn. (2d) 1, 297 P. (2d) 958.

It has also been pointed out by the assistant attorney general that this same complaint may be addressed to petitioner's conviction of taking a motor vehicle without the owner's permission, and that the sentences under both of these convictions should have been ten years, rather than twenty, under the provisions of RCW 9.92.010. *In re Klapproth v. Squier* (1957), 50 Wn. (2d) 675, 314 P. (2d) 430; *In re Braun v. Belnap* (1957), *ante* p. 892, 316 P. (2d) 472.

For the reasons indicated in the *Klapproth* and the *Braun* decisions,

[1]Reported in 318 P. (2d) 957.

the petitioner is to be returned to the court where judgment and sentence were entered, and that court is directed to impose corrected sentences for the violation of RCW 9.54.020, Rem. Rev. Stat., § 2601-1, and RCW 9.31.010, Rem. Rev. Stat., § 2342, in accordance with RCW 9.92.010, Rem. Rev. Stat., § 2265 and the cases cited.

This, of course, in no way affects the sentence on the conviction for second-degree burglary.