[No. 34547. Department One. July 17, 1958.]

*In the Matter of the Application for a Writ of Habeas Corpus of* ROBERT J. ALLEN, *Petitioner, v.* B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 328 P. (2d) 367.

Robert J. Allen, pro se.

The Attorney General and Michael R. Alfieri, Assistant, for respondent.

PER CURIAM.—We have before us a petition for a writ of habeas corpus made directly to this court; the petitioner alleging that contrary to law he is being restrained of his liberty by the warden of the Washington state penitentiary. The respondent demurred to the petition.

Petitioner, on March 24, 1950, entered a plea of guilty on an information charging a violation of RCW 9.54.020, i.e., taking a motor vehicle without the permission of the owner. At that time, the King county superior court deferred the imposition of sentence on petitioner, and placed him on probation for a two-year period.

Under the provisions of RCW 9.95.240, a defendant who has fulfilled the conditions of his probation for the entire period thereof, may be "permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty." The petitioner never availed himself of this provision of the statute.

Almost seven years later, February 15, 1957, the trial court entered an order revoking its prior order deferring sentence, reciting that the petitioner had violated the terms and conditions of his probation; it also sentenced him on his plea of guilty, entered March 24, 1950, to a maximum term of twenty years in the state penitentiary.

The petitioner concedes that he never made the application to withdraw his plea of guilty, authorized by RCW 9.95.240, if it be assumed that the conditions of his probation had been fulfilled. He alleges that he did not know of

the statute and was not informed of his right to make such an application, and emphasizes that there was no compliance with the statute providing that "The probationer shall be informed of this right in his probation papers." The petitioner nowhere alleges that he has complied with all of the conditions imposed by the order suspending the imposition of sentence (generally referred to as a deferred sentence), which included as conditions, restitution and the payment of costs. He relies upon the fact that the two years for which the sentence was deferred ended five years before he was actually sentenced.

Two questions are raised: First, did petitioner have such right to be informed of the statutory provision of RCW 9.95.240, relative to his right to make application to withdraw his plea of guilty so that the failure to so advise him would be a violation of his constitutional rights? Second, was petitioner correctly sentenced to twenty years in the state penitentiary?

We shall first consider petitioner's contention that he had a constitutional right to be informed that he could apply to the court, upon termination of his probationary period, for permission to withdraw his plea of guilty as provided for in RCW 9.95.240.

■ A writ of *habeas corpus* is available only for the purpose of inquiring into the legality of the petitioner's restraint, and to determine whether his constitutional right to due process of law has been violated. *In re Palmer v. Cranor* (1954), 45 Wn. (2d) 278, 273 P. (2d) 985.

■ In spite of the language used in RCW 9.95.240, that petitioner "shall be informed of this right in his probation papers," we cannot agree that such a "right" is of sufficient constitutional importance as to entitle him to relief by way of *habeas corpus.*

RCW 9.95.200 states that it is within the sound discretion of the sentencing judge as to whether a defendant will be given probation by a deferred sentence. *State v. Williams* (1957), 51 Wn. (2d) 182, 316 P. (2d) 913. RCW 9.95.240 provides that should a defendant, having been given pro-

bation, petition to have his plea of guilty withdrawn, the granting of such petition would also be within the sound discretion of the court; therefore, we cannot see how the failure of the sentencing judge, in this case, to inform petitioner that he had a right to come into court and ask that his plea of guilty be withdrawn, could have prejudiced petitioner in any way, since, even if he had been so informed, there was no assurance that he would have been permitted to withdraw his plea.

The failure of the court to inform petitioner in his probation papers of his "right" does not amount to such action as would "shock the conscience," and thereby violate due process provisions of the constitutions of the United States and the state of Washington.

The demurrer to the petition for a writ of *habeas corpus* is sustained.

Petitioner's second contention is that he should have been sentenced to a ten-year maximum sentence under the terms of RCW 9.92.010, rather than a twenty-year maximum. With this contention the attorney general agrees, and we are in accord.

RCW 9.92.010 provides that:

"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both." Laws of 1909, chapter 249, § 13, p. 894.

RCW 9.54.020, under which statute petitioner was convicted, makes the offense a felony, but does not prescribe any maximum term of punishment; therefore, RCW 9.92.010 is the correct sentencing statute in this case.

Under the authority of recent decisions of this court, beginning with *In re Klapproth v. Squier* (1957), 50 Wn. (2d) 675, 314 P. (2d) 430 (the most recent being *State v. Leckband* (April 17, 1958), *infra* p. 898, 324 P. (2d) 254), respondent is directed to produce the petitioner in the court

where judgment and sentence were entered; and that court is directed to impose a corrected sentence in accord with this opinion.

---

October 23, 1958. Petition for rehearing denied.