[No. 35041. Department Two. April 14, 1960.]

*In the Matter of the Application for a Writ of Habeas Corpus of WILLIAM CONRAD ALDERMAN, Respondent, v. ERNEST C. TIMPANI, as Superintendent of the State Reformatory, Appellant.*[1]

*The Attorney General* and *Lawrence Ross, Assistant,* for appellant.

*William Conrad Alderman, pro se.*

[1] Reported in 351 P. (2d) 163.

WEAVER, C. J.—Respondent was charged, tried, convicted and sentenced, by the Superior Court of King county, to a term of twenty years' confinement in the Washington State Reformatory for the crime of attempted robbery.

Thereafter, respondent filed a petition for a writ of *habeas corpus* in Snohomish county. The sole question presented by this appeal is whether the trial court erred when it ordered that respondent

". . . be returned to the Superior Court for King County for the purpose of imposition of corrected sentence on the petitioner in accordance with RCW 9.92.010."

In general, the penal statutes of this state fall into three categories: (1) those classifying the crime, but fixing no penalty; (2) those providing only a minimum sentence; and (3) those providing a maximum sentence.

The crime of attempted robbery falls under the second category.

RCW 9.75.010 provides:

". . . Every person who shall commit robbery shall be punished by imprisonment in the state penitentiary for not less than five years."

RCW 9.01.070 provides:

". . . every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:

". . .

"(2) In every other case he shall be punished by imprisonment in such manner as may be prescribed for the commission of the completed offense, for not more than half the longest term, . . ."

RCW 9.01.070, as supplemented by RCW 9.75.010, fixes a minimum term but no maximum; hence, RCW 9.95.010, which provides:

". . . If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years.",

becomes applicable. RCW 9.92.010, providing a maximum ten-year term, is not applicable, for it applies only to felonies "for which *no* punishment is specially prescribed." (Italics ours.)

This distinguishes *In re Klapproth v. Squier*, 50 Wn. (2d) 675, 314 P. (2d) 430 (1957), from the instant case, for therein the court was considering a statute that did not fix a specific penalty for the offense in question.

The precise question—the proper sentence of attempted robbery—was before the court in *State v. Mulcare*, 189 Wash. 625, 630, 66 P. (2d) 360 (1937). In sustaining a sentence for a term of not more than twenty years for attempted robbery, the court said:

" . . . Had the robbery been consummated, the court could have fixed the maximum term at forty years, and upon that basis had the right to fix the maximum for the attempted act at one-half thereof, namely, twenty years, which would be in accordance with the sentence actually imposed.

"But wholly aside from what has just been said, § 2, p. 309, of the 1935 act, Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32], specifically provides that, when no maximum is provided by law, the court shall fix it at any number of years up to and including life imprisonment, but in no event less than twenty years. This section applies to felonies, including that of robbery, and consequently that of attempted robbery. The statute being constitutional and valid, and its terms clear and plain, it was without the power of the court to fix the maximum at less than twenty years."

The rationale of the *Mulcare* case was followed in *State v. Seabrands*, 191 Wash. 472, 71 P. (2d) 393 (1937), wherein this court sustained a twenty-year sentence for attempted rape.

The judgment of the trial court is reversed and the case remanded, with direction to dismiss respondent's petition for a writ of *habeas corpus*.

HILL, FINLEY, ROSELLINI, and FOSTER, JJ., concur.